## HODGKINS *v.* MARSHALL.

1. Where during the progress of a trial exceptions pendente lite are filed to rulings of the judge, and after a final judgment is rendered the cause is brought to this court for review, and the judgment is reversed, resulting in a new trial; and where after a new trial is had the case is, upon another writ of error, brought to this court, it is too late in the last bill of exceptions to complain of errors alleged to have been committed previous to the issuing of the first writ of error. Each writ of error prosecuted to this court brings under review all errors of law alleged to have been committed prior to the time it was issued; and if the party filing the exceptions pendente lite is the defendant in the first writ of error, he should, either by cross-bill of exceptions or upon the record in this court, assign error upon his exceptions pendente lite, or he will be thereafter held to have waived them.
2. Other than as above treated, the questions made by the present bill of exceptions were ruled when this case was last before this court.

Argued June 1, — Decided August 7, 1897.

Money rule. Before Judge Littlejohn. Macon superior court. November term, 1896.

*Hardeman, Davis & Turner* and *J. W. Haygood*, for plaintiff in error.

*Gustin, Guerry & Hall*, contra.

ATKINSON, J. Hodgkins and Marshall were contestants for a fund in the hands of the sheriff, which was raised by the sale of the property of Reid, their common debtor. Pending the trial of this case, Hodgkins filed an answer, which was in

the nature of an attack upon the execution of Marshall, alleging usury in the deed under which Marshall claimed a lien upon the fund superior to the execution of Hodgkins. Upon motion this answer was stricken by the judge, and to the order striking it upon demurrer Hodgkins filed exceptions pendente lite. The cause proceeded to trial, resulting in a verdict in favor of Hodgkins. Marshall made a motion for a new trial, which being overruled, he excepted, and, being heard in this court, a judgment was rendered in favor of Marshall, the plaintiff in error, reversing the judgment of the court below upon the facts in the case, the reversal virtually amounting to a ruling that Marshall was entitled to the money in preference to Hodgkins. When the case was called again in the superior court, it was tried upon an agreed statement of facts, and resulted in a verdict in favor of Marshall. Thereupon Hodgkins excepted, assigning error upon the ruling of the judge awarding the fund in controversy to Marshall; and assigning error here upon the exceptions pendente lite which were filed in the court below in the first instance, and which were not prosecuted to this court under the writ of error which previously had issued in the same case. When the cause was reached for argument here, Marshall, the defendant in error, moved the court to affirm the judgment on the face of the record, for the reason that there was no question made by the present writ of error which had not been determined, and which could now be considered by this court. It appears from the record in the case, that the trial preceding the one which resulted in the present writ of error was upon the same pleadings, between the same parties, on the same issues and on the same evidence that we find in the record now under review. The former ruling of this court was in favor of Marshall, and, as we have seen before, was a practical direction that the money be paid to him. Upon all the questions raised by the previous writ of error the defendant Hodgkins is concluded, but he insists that, notwithstanding this, he is entitled now to be heard upon the exceptions pendente lite filed by him in the first instance, and which were not considered upon the previous writ of error. The defendant in error, Marshall, moved the court to disre-

gard the assignments of error upon the exceptions pendente lite, for the reason that, inasmuch as error was not assigned upon them at the time of the determination of the previous writ of error, it is now too late to consider them; and if this contention be well founded, the judgment must necessarily be affirmed.

1. The question is now, we think, for the first time squarely submitted for the consideration of this court, as to whether, under the circumstances stated, exceptions pendente lite may be permitted to slumber in the court below while the case, out of which they arose, is being determined in this court upon a writ of error to the final judgment rendered in that case. In saying this, we are not unmindful of the repeated expressions which have emanated from this court upon this and similar questions; but it will be seen, upon a careful examination of the cases, that these deliverances were not in direct response to any question made in the record. We will proceed to notice the cases to which reference is made; and it will be seen from an examination of them that the cases were themselves ruled upon other questions, that the question as to whether the exceptions pendente lite would be considered was not directly made, and that what was said touching such exceptions pendente lite was merely by way of statement as to the reason why the court did not enter upon their consideration. In none of the cases was the court asked to disregard such exceptions, upon the ground that they were filed too late. Whether or not these exceptions were too late depends upon the construction which will be placed upon section 5526 of the Civil Code, which provides as follows: "No cause shall be carried to the Supreme Court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as to some material party thereto; but, at any stage of the cause, either party may file his exceptions to any decision, sentence, or decree of the superior court; and if the same is certified and allowed, it shall be entered of record in the cause; and should the case at its final determination

be carried by writ of error to the Supreme Court by either party, error may be assigned upon such bill of exceptions, and a reversal and new trial may be allowed thereon, when it is manifest that such erroneous decision of the court has or may have affected the final result of the case." It will be seen that the law provides for the prosecution of writs of error to this court in two instances only. In one of them the writ of error issues upon what, for the want of a better term, may be denominated an "interlocutory bill of exceptions"; and such is the bill of exceptions authorized by the first clause of the section above quoted, and a writ of error may be sued out thereon whenever the judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause. Such are writs of error from judgments overruling general demurrers, and judgments overruling motions to dismiss a cause for some reason which would be fatal to the further prosecution of the action, and other judgments of like character. The other class of writs of error embraces such as lie from the rendition of a final judgment only. From a final judgment rendered in a cause a writ of error lies, without reference to whether its determination in accordance with the contention of the plaintiff in error would end the litigation or not; and it is in connection with this latter class of writs of error that either party who may have theretofore filed exceptions pendente lite is authorized to assign error upon such exceptions in connection with the main bill of exceptions. They become part and parcel of the bill of exceptions filed to the final judgment in the case to which they relate; and the statute expressly provides, that should the case at its final determination be carried to the Supreme Court by writ of error, either party may assign error upon such exceptions pendente lite. The case finally terminates, so far as the then pending trial is concerned, when a final judgment is reached therein, for it is only to the final judgment that the writ of error lies.

We will now proceed to notice some of the cases to which our attention is called as directly bearing upon this question. In the case of *Ballin & Co.* v. *Ferst & Co.*, 55 *Ga.* 546, this

court, in speaking of exceptions pendente lite, said: "The time for considering exceptions thus entered is not until the case has been finally terminated in the court below, and a writ of error has thereafter been brought by one of the parties. Then error may be assigned upon such exceptions. There is no provision of law for an earlier adjudication." The reference is to section 4250 of the Code of 1873, the same section we now have under consideration. In that case a motion was made to disregard the exceptions pendente lite, because they were presented for consideration at too early a date, the original cause being still pending in the court below. It will be noted that the court ruled in that case, that until a writ of error was sued out for the purpose of bringing under review the final judgment, these exceptions pendente lite could not be considered. The code provides that they might then be considered; and if they could not be considered at an earlier date, there is certainly no provision of law for their consideration at a date later than that fixed by the determination of a writ of error sued out to the final judgment rendered next after the date such exceptions pendente lite were filed. The case which we have just had under review is really by analogy an authority for the proposition which we are endeavoring to demonstrate.

The case of *South Georgia & Florida Railroad Co.* v. *Ayres*, 56 *Ga.* 230, involved a great number of questions, which resulted in the affirmance of a judgment granting a new trial. Certain exceptions pendente lite were filed by the defendant. The deliverance of the court in that case upon the subject of exceptions pendente lite was not in response to a motion to disregard them, but the case turned upon other and independent propositions; and the court in that case announced, as a reason why it would not take the assignments of error upon the exceptions pendente lite then under consideration, that if they covered errors, when the case was remanded the court might itself correct them, or the verdict might be in favor of the adverse party and leave no occasion to deal with them. As another reason why the exceptions were not dealt with, and the controlling one, the court says, "Besides, error has

not been assigned on these exceptions, in this court, by the defendant, as the code seems to require"; citing section 4250 of the code. So it will be seen that the question we have now under consideration was not presented by the record in that case.

In the case of the *Central Georgia Bank* v. *Cleveland National Bank*, 59 *Ga.* 674, there was no motion to disregard the exceptions pendente lite. A new trial had in that case been granted. The defendant had filed exceptions pendente lite. He won the case in the court below; and this court assigned as a reason for not passing upon the exceptions pendente lite, that inasmuch as the verdict was for the defendant in the court below, if any error was committed on the trial, such errors did not influence the result; they were not then to be considered.

In the case of *South Carolina Railroad Company* v. *Nix*, 68 *Ga.* 572–579, this court having under consideration the section of the code to which we have above referred, in discussing the last clause of that section which relates to what we have termed "interlocutory" bills of exceptions, speaking of exceptions pendente lite, through Chief Justice Jackson, used the following language: "What bills of exception? Of course, those thus certified and entered of record. If either party takes the case up by writ of error, error may be assigned on these bills of exception by the party which so excepted. So that, although one party sued out the writ of error by the final bill of exceptions, the other may assign error on these exceptions thus found in the record." The court here distinctly recognizes the two classes of exceptions, and links them together by making the exceptions pendente lite, which may be found in the record, dependent for their vitality upon the writ of error sued out upon the final bill of exceptions. The words "final bill of exceptions," as there used, refer to the bill of exceptions resting upon the final judgment rendered next after the filing of the exceptions pendente lite.

In the case of *Virgin* v. *Dunwody*, 93 *Ga.* 104, the court, not having under review directly the proposition to disregard exceptions pendente lite, assigned as cause for not considering

them reasons somewhat similar to those assigned in some of the cases to which we have heretofore referred. The head-note, which precedes the opinion, and which contains a synopsis of the points decided, makes no reference to the exceptions pendente lite, though the opinion seems to intimate that the ruling of the court was not a final disposition of the case, and that the exceptions might be reserved for future consideration in the court below. This, however, was not decided or involved in the decision of the case. The writ of error proper was determined upon other questions, and this statement may be treated as merely suggestive.

The case most similar upon its facts to the one now under consideration is that of *Story* v. *Brown*, 98 *Ga.* 570. In that case it was held: "Where exceptions pendente lite were filed by a defendant to the allowance of an amendment to the plaintiff's declaration, and after a verdict for the latter a judgment of the trial court granting a new trial was brought to this court by the plaintiff, the defendant filing no cross-bill of exceptions, which judgment was affirmed with direction that the case be tried again on a single issue of fact, it was too late, after another trial had in compliance with this direction and resulting in another verdict for the plaintiff, which the trial judge refused to set aside, for the defendant to bring to this court for review the questions made in the original exceptions pendente lite." The decision in that case practically rules in accordance with the deliverance which we now make: that each writ of error prosecuted to this court brings under review all errors of law alleged to have been committed prior to the time it was issued; and if the party filing the exceptions pendente lite is the defendant in the first writ of error, he should, either by cross-bill of exceptions or upon the record in this court, assign error upon his exceptions pendente lite, or he will be thereafter held to have waived them. This statement is the logic of that decision; for while this court may give direction concerning matters over which it has jurisdiction by virtue of a writ of error sued out to the final judgment of a lower court, it could not give direction touching a matter over which it had no jurisdiction; and if by means of the writ of

error sued out to the final judgment it did not likewise acquire jurisdiction of all previous interlocutory exceptions, then it would be without jurisdiction to give direction touching such exceptions, and it could not be held that a party would be barred from the subsequent prosecution of his exceptions pendente lite, unless it was held that they became attached to, and a part of, the writ of error first sued out after their allowance.

We have thus far endeavored to show, that not only are none of the decisions of this court in conflict with the view we take, but that its previous deliverances are in accord with the view which we now express. Not only is this construction of the code above quoted a natural one, but it is one which commends itself upon considerations of a sound public policy. That there should be at some time an end to litigation, and that litigants should be encouraged to speed their causes, are important considerations in the administration of the public justice. Any other rule than the one we now lay down might tend indefinitely to protract litigation. We will endeavor to illustrate by one example which might arise, and doubtless has arisen in the experience of many members of the legal profession. A plaintiff brings an action, to which a general demurrer is filed; this general demurrer is overruled; the defendant elects not to prosecute an "interlocutory" writ of error, but files exceptions pendente lite; he wins his case upon the trial before the jury; the plaintiff moves for a new trial; the motion is overruled; he then prosecutes the writ of error to this court, and upon the hearing here the judgment is reversed; the cause is remanded; upon another trial, it results again in favor of the defendant; the same process is repeated; it is again remanded; upon the next trial, the plaintiff wins his case; thereupon the defendant moves for a new trial, which being overruled, he prosecutes his writ of error to this court; in that writ of error, he assigns error upon the exceptions pendente lite filed in the first instance to the judgment overruling his demurrer to the plaintiff's declaration, and upon the third writ of error to this court it is solemnly adjudicated that the plaintiff did not ever at any time have a cause of ac-

tion against the defendant. The immense amount of nervous energy necessary to be expended in the numerous and protracted trials of this tedious, long-drawn litigation, is wasted, and all goes for naught when it is finally determined that the defendant was entitled in the first instance to have had the plaintiff's action dismissed on demurrer.

These considerations lead us to the conclusion, that whenever a writ of error is filed to a final judgment, it should draw to itself all assignments of error which have been previously reserved in the case, to the end that the vexed questions which arise in the course of litigation may be settled as speedily as possible. The facts of the present case well illustrate the wisdom of this rule. Hodgkins, the present plaintiff in error, had reserved certain exceptions upon the former trial; he won his case; a writ of error issued from the final judgment. Had he assigned error upon his exceptions pendente lite when this case was here before, it would have brought under review every question in the case, both of law and fact, and left nothing for future determination. He has had one opportunity, upon a final bill of exceptions, to assign error upon the rulings of the court which occurred prior to the issuing of that writ of error, and having failed to take advantage of that opportunity, we are constrained to hold that he is now too late, and that the exceptions pendente lite must be disregarded.

2. Inasmuch as all the questions in the case, other than as above treated, were ruled, when this case was last before the court, adversely to the contention of the plaintiff in error, the judgment must be

*Affirmed. All concurring, except Simmons, C. J., disqualified.*