## LITTLE ROCK COOPERAGE COMPANY *v.* HODGE.

1. When a plaintiff brought to this court for review a judgment sustaining a demurrer to a petition and dismissing the same, and there was nothing, either in the bill of exceptions or transcript of the record specified as material, to indicate that there was any demurrer other than a general one, it was, if there was also a special demurrer and if the judgment excepted to was really predicated upon it, incumbent upon the defendant in error to take the proper steps for causing to be sent up the portions of the record disclosing these facts.

2. Where in such a case this was not done, and this court reversed the judgment, holding that the petition was good "as against the demurrer thereto, which was not only general in its nature but vague in its terms," and further, that "the defects in the petition, if any, should have been specifically pointed out by an appropriate special demurrer," it was erroneous, when the case came on for another hearing, to allow the special demurrer to be again "submitted," and to thereupon dismiss the petition. As the first writ of error ought to have brought under review here all questions arising upon the action of the court below in rendering the judgment to which exception was taken, and as this would have been done if the defendant in error had exercised the proper diligence, and as a consequence this court could and would have passed upon the questions made by the special demurrer, he was concluded by its former judgment and estopped from reopening, either in the trial court or here, the questions last mentioned. The principle upon which this court based somewhat similar rulings in *Story* v. *Brown*, 98 *Ga.* 570, and *Hodgkins* v. *Marshall*, 102 *Ga.* 191, is applicable to and controlling in the present case.

3. Where to the petition in an action upon a foreign judgment copies of

the verdict and judgment were actually attached, an amendment allowed at the trial term, which merely added to a paragraph of the petition, referring to such verdict and judgment, the words, " as will fully appear by reference to an exemplification of the proceedings in said case," was not so material as to open the petition as amended to demurrer. Civil Code, §§ 5659, 5068.

Argued November 10, — Decided December 7, 1899.

Action on judgment. Before Judge Smith. Pulaski superior court. August term, 1899.

The Little Rock Cooperage Company sued Hodge upon a foreign judgment. The defendant demurred to the plaintiff's petition, and the demurrer was sustained. Plaintiff sued out a writ of error, and upon review here the judgment sustaining the demurrer was reversed. *Little Rock Cooperage Co. v. Hodge,* 105 *Ga.* 828. When the case came on for trial again in the lower court, "counsel for defendant stated in his place that only the general demurrer went to the Supreme Court, and that the special demurrer did not go up and was not passed upon by the Supreme Court at all. The presiding judge confirmed the statement that there was a special demurrer, and that it was upon this special demurrer that he sustained the demurrer, and not upon the general demurrer that went to the Supreme Court. Counsel for the plaintiff admitted that there was a special demurrer argued to the court in the former trial. The court stated that, as the special demurrer did not go to the Supreme Court, and that as it was upon this that he based his former judgment, he would permit the original general demurrer and amended special demurrer submitted again; and then counsel for plaintiff amended the original petition or declaration of the plaintiff, which was allowed by the court, and immediately counsel for defendant reintroduced the original general demurrer and amended special demurrer to the original petition and amended petition of plaintiff, and the court sustained the demurrer after the plaintiff had amended its petition and the defendant tendered the original and amended demurrer to the plaintiff's amended petition." The third paragraph of the petition was as follows: "That on the 13th day of January, 1897, in said circuit court of Pulaski County, Arkansas, the Hon.

Joseph W. Martin, judge of the second division of said court, being present and presiding, a verdict and judgment in said suit was rendered against the said M. T. Hodge in the sum of two hundred and sixty dollars and twenty-seven cents ($260.27), together with fourteen dollars and seventy cents ($14.70) costs of said suit, in favor of petitioners." Copies of a verdict and judgment were attached to the petition. Upon this second trial plaintiff amended its petition, "by adding at the end of paragraph 3 thereof the words, 'as will fully appear by reference to an exemplification of the proceedings in said case.'"

The court rendered the following judgment:

"Little Rock Cooperage Co. | Suit on judgment, in Pulaski
*vs.* | superior court, on appeal from
M. T. Hodge. | county court.

"The above stated case having come on for trial and both sides announcing ready, and it appearing to the court that on the former trial of this case in this court that the defendant had a special demurrer to the plaintiff's petition by way of amendment to original demurrer which was general, and that it was on the special demurrer that this court sustained the demurrer, and it further appearing to this court that when the judgment of this court was appealed to the Supreme Court by writ of error that the special demurrer upon which this court based his judgment in sustaining the demurrer was not transmitted to the Supreme Court, not having been copied in the transcript of the record, and that said special demurrer on which this court based his judgment was inadvertently omitted and not copied in the transcript of the record as was ordered and intended, and was never sent to the Supreme Court and was never reviewed or passed upon by the Supreme Court, and the plaintiff having amended its petition and the defendant having renewed his original general demurrer and special demurrer to the original and amended petition of plaintiff, it is ordered, considered, and adjudged by the court that the defendant's demurrer be and the same is hereby sustained on the grounds set forth in the special demurrer."

To this judgment the plaintiff excepted, assigning as error the rulings of the court "in allowing and considering the spe-

cial demurrer, and in afterwards sustaining the demurrer and dismissing the petition."

*W. L. & Warren Grice*, for plaintiff.
*J. H. Martin*, for defendant.

FISH, J. The above headnotes and the full official report of the facts of the case, which follows them, are amply sufficient to show the precise rulings of the court and the reasons upon which they are based.

*Judgment reversed. All the Justices concurring.*