*J. E. & L. F. McClelland,* for plaintiffs.

*Rosser & Brandon,* for defendant.

---

MORRIS *et al.,* executors, *v.* DUNCAN.

126 467
130 372

1. In an action for tort brought against the personal representative of the alleged tort-feasor, a charge of the court which might lead the jury to infer that they would be authorized to assess a sum purely for punitive damages is erroneous.

2. The act of 1902 (Acts 1902, p. 117), authorizing the judges of the city court of Atlanta to open defaults, did not authorize the opening of a judgment by default entered prior to the passage of that act.

3. A petition was filed and dismissed on oral motion in the nature of a general demurrer. This judgment was reversed on writ of error. A

subsequent trial resulted in a verdict for the plaintiff, and the defendant. sued out a writ of error in which error was assigned upon the refusal to grant a new trial. Error was assigned in the Supreme Court upon exceptions pendente lite to rulings made prior to the suing out of the first writ of error. In one of the exceptions complaint is made of a judgment making parties, and in the other, of a judgment striking the answer. *Held*: (*a*) That on the hearing of the second writ of error the exception as to parties will not be considered by the Supreme Court.. This assignment of error should have been embodied in the bill of exceptions upon which the first writ of error was founded. *Hodgkins* v.. *Marshall*, 102 *Ga.* 191; *Ogletree* v. *Livingston*, 125 *Ga.* 548; *Athens Electric Ry. Co.* v. *Jackson*, Id. 551. (*b*) That the exception to the striking of the answer will be heard and determined. This assignment of error could not properly have been brought up for decision in the first writ of error. *Page* v. *Citizens Banking Co.*, 111 *Ga.* 86(8).

4. The charges complained of in the 1st and 2d grounds of the motion for new trial are not erroneous for the reasons assigned.

Argued May 31,—Decided August 13, 1906.

Action for damages. Before Judge Reid. City court of Atlanta. November 18, 1905.

This case is before this court for the second time. See *Mullins* v. *Matthews,* 122 *Ga.* 286. The petition was dismissed on oral demurrer. Whereupon the plaintiff sued out a writ of error, secured a reversal, and at the second hearing obtained a judgment in her favor. The defendants now assign error upon the refusal to grant a new trial, and upon certain exceptions pendente lite which were filed by them before the former writ of error was sued out by the plaintiff. In one of these exceptions complaint is made of an order making the executor of the defendants a party defendant, and in the other it is alleged that the court erred in striking the answer of the defendants. The suit was filed against Matthews, Morris,. and others, but was subsequently dismissed as to all parties except Morris. During the pendency of the action and before a verdict the defendant died, and his executors were made parties defendant in his place. The cause of action, which is fully set forth in *Mullins* v. *Matthews,* supra, was for malicious use and abuse of civil process by the defendant's testator in levying upon valuable household effects of petitioner to recover the sum of $50 as rent, which petitioner alleged she did not owe; and in addition to the damage claimed by reason of the maliciousness of the party causing the levy, the plaintiff asked compensation for the value of certain articles which were not returned when she replevied the goods, and

also compensation for injury to goods which were returned in a damaged condition, and for attorney's fees incurred in replevying the property. To the petition the defendants filed an answer of denial. The case was submitted to a jury, and a verdict of $1,230 rendered in favor of the plaintiff. The defendants moved for a new trial, complaining, among other things, of the following portions of the charge of the court: (1) "[The plaintiff claims] that when the property was turned over to her under the replevy bond, that a great many valuable articles of property were not returned, but that the same are still held by the defendant. That is, as the case now stands, that the same are still held by Morris or his executors." (2) "And if you believe the expense incurred of $10 in having the property restored to her was a reasonable and proper amount, that sum should be allowed in her favor." (3) "The law declares that in this class of cases, that is of the kind here, the recovery shall not be confined to the actual damage sustained by the plaintiff, but shall be regulated by the circumstances of each case. Thus it is left for the jury to say whether any additional damage over the actual damage, if such accrued, shall be allowed, and, if so, how much; and you would take into consideration the wrong that was done the plaintiff, determining from the evidence and the plaintiff's allegations so far as they are admitted to be true under the instructions I have given you,—determining whether there was any aggravation in the act or intention—whether there was wrong done the plaintiff, and if there was such aggravation as would authorize you under the law to give additional damages, damages additional to the actual damages, if such actual damages are proved." (4) "Now what sum you shall allow, if you allow any, is to be determined by you, and, as already stated to you, you will take into consideration the character of the wrong, and then, desiring to be fair and just to both sides, you would assess in favor of the plaintiff such sum as would receive the approval of your enlightened consciences, desiring, as I have said, to be fair and just to both sides, and not oppressive to the defendant, because as to this class of damage the law declares there is no standard by which to measure it except the enlightened consciences of impartial jurors." The objection urged to the first excerpt of the charge was that there was neither pleading nor proof to sustain it; to the second, that it was contrary to law; and to the third and fourth, that they

authorized the jury to find a sum as punitive damages, and also that there was neither allegation nor proof to sustain the recovery thereunder. The motion was overruled, and the defendants excepted.

*W. H. Terrell,* for plaintiffs in error. *B. J. Conyers,* contra.

ATKINSON, J. 1. Considering the objections urged against the portions of the charge last above quoted, it is evident that they were well taken. Damages which are given merely as a punishment to deter the wrong-doer from a repetition of the offense clearly have no reference to compensation for the wrong inflicted. The award of such damages against the estate of a wrong-doer no longer in life must fail of its object, and could not therefore be allowed. See 12 Am. & Eng. Enc. L. 42, and 13 Cyc. 120, and cit. Damages, however, for wounded feelings are not punitive, but compensatory (see *Head* v. *Ga. Pac. R. Co.,* 79 *Ga.* 360-361) ; and if the jury in their discretion deemed it proper to award them, the defendants might be liable for such damages, just as well as for compensatory damages of any other class. A given act of trespass, as, for example, by injury to personal property, as alleged in this case, may be committed in such a way as to authorize a recovery of damages as compensation for injury to the property, or for attorney's fees, or for the wounded feelings of the person injured on account of aggravating circumstances attending the commission of the injury. And in addition to these, if the aggravation warrant, there may be a further sum recovered, not as compensation to the injured party, but as a penalty against the trespasser to prevent a repetition of such conduct upon his part. As already stated, the defendant being dead, no punishment can be inflicted by the allowance of a recovery purely for that purpose, and a right of recovery of such damages would not survive against his representative. But where there has been injury to the property or feelings of the plaintiff by the trespass for which she is entitled to compensation, her right of recovery as to these compensatory damages survives, and may be enforced against the estate of the deceased. This is true although the right to damages for wounded feelings may arise from the same aggravating circumstances which would have authorized a recovery of an additional sum, not in any way *compensatory* to the plaintiff, but purely as a punishment of the trespasser, had he lived. It follows that the court should not have charged upon the

subject of additional damages as complained of. The charge should have been so restricted as to prevent confusion in the minds of the jury, in order that they might avoid confounding the right. to compensatory damages with a liability upon the part of the defendant for punitive damages. The charge as dealt with being sufficient to require the grant of a new trial, a further discussion of the errors complained of is not necessary.

2. Prior to the act of 1902, p. 117, the judge of the city court of Atlanta had no power to open a default. *Dodson Printers Supply Co.* v. *Harris,* 114 *Ga.* 966 (2) ; *Beacham* v. *Kea,* 118 *Ga.* 407 ; *Cheatham* v. *Brown-Catlett Furniture Co.,* 118 *Ga.* 420. A case in that court was required to be answered on or before the first day of the first term of court; otherwise it would be in default. The act above referred to provided that the judge "may open defaults upon the same terms and conditions as may judges of the superior courts of this State." But that act was prospective in its operation, and did not contemplate default judgments then in existence. It follows that the default in this case, which existed on the first Monday in July, 1898, did not fall within the operation of the act, and could not be opened by order of the court. Had the court been vested with power, there was in point of fact no order of court taken directing that the default be opened. There was merely a petition filed July 5, 1898, asking permission to open the default and file a plea. No order whatever was passed upon the petition, but a plea was filed without any apparent sanction of the court. On July 21, 1904, the plaintiff moved the court to strike the plea from the files of the court. The plea being in court without authority of law or the sanction of the court, there was no other course except to strike the plea.

3, 4. The rulings in the 3d and 4th headnotes require no further elaboration.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*