22191, 22193.  VIRGINIA LUMBER CORPORATION *v.* AT-
LANTIC COAST LINE RAILROAD CO.; and *vice versa.*

DECIDED MARCH 3, 1933.

*Cobb & Bright,* for plaintiff.
*Cumming & Harper, Abrahams, Bouhan, Atkinson & Lawrence,*
for defendants.

SUTTON, J.  A rehearing was granted in this case.  This court
does not recede from the principle laid down in the opinion first
rendered, to the effect that a suit against foreign railroad corpora-
tions doing business in. this State by operating a domestic railroad-
line as joint lessees and by operating their own separate lines of
railway and having agents in this State may be brought by a citizen
of this State in the same manner as suits are brought against do-
mestic railroad corporations on account of causes of action originat-
ing in another State; that a cause of action ex delicto against such
nonresident railroad corporations, arising out of their failure to
deliver to the plaintiff a shipment of goods at the point of destina-
tion, such goods being shipped from a point on the line of such
leased railway to a point on the line of another railway in another
State, may be brought in any county in this State in which service
of legal process can be made upon any agent of either of such rail-
road companies, whether it be an agent along the line of such leased
railway or elsewhere where either of such corporations has an agent.
The provisions of sections 2227 and 2799 of the Civil Code, that a

lessee of a railroad in this State can be sued or shall be liable to be sued in the same manner as the lessor, are merely permissive and cumulative. *Breed* v. *Mitchell,* 48 *Ga.* 533, 535; *Williams* v. *East Tenn. &c. Ry. Co.,* 90 *Ga.* 519, 520 (16 S. E. 303). However, under the view which we take of this case on rehearing, this question can not now be determined as controlling in this case.

1. Plaintiff sued the Atlantic Coast Line Railroad Company and the Louisville & Nashville Railroad Company, as joint lessees of the Georgia Railroad, in Chatham superior court, on a cause of action originating in another State. The defendants filed a plea to the jurisdiction, alleging, in effect, that the superior court of Chatham county had no jurisdiction over them as such joint lessees, that the goods were shipped from a point on the line of the railroad they were operating jointly as lessees to a point outside the State, that the leased railroad was wholly within this State, that neither of them had any agent in their capacity as such joint lessees in Chatham county, and such line of leased railroad did not run through that county, that one of them did have an agent in its general railroad business in Chatham county, but that the superior court of Newton county, the point on the line of leased railroad from which the goods were shipped, had jurisdiction of the case. The plaintiff filed a motion to dismiss this plea, on the ground that it was not sufficient in law, which motion was overruled by the court, and the plaintiff excepted to this judgment pendente lite. Thereafter the issue on the plea to the jurisdiction was submitted to the trial judge, without the intervention of a jury, upon an agreed statement of facts, which did not differ in a material way from the facts contained in the plea to the jurisdiction, but sustained it in every particular. The trial judge found in favor of the plea to the jurisdiction and sustained the same. To this judgment the plaintiff excepts. In the bill of exceptions in this case the plaintiff does not assign error upon the judgment overruling its motion to dismiss the plea to the jurisdiction, nor upon the exceptions pendente lite assigning error on that judgment. It merely specifies in the bill of exceptions, as material to a clear understanding of the errors complained of, such exceptions pendente lite. *Held:*

(*a*) The exceptions pendente lite, filed by the plaintiff in the court below, to the order of the trial judge overruling its motion to dismiss the plea to the jurisdiction can not now be considered by

this court, for the reason that no error is assigned in the bill of exceptions in this case upon such exceptions pendente lite nor upon the judgment overruling the motion to dismiss the plea to the jurisdiction. The exceptions pendente lite are only specified as a part of the record material to a clear understanding of the errors complained of, and this is not sufficient to meet either of the above requirements. *Kennedy* v. *Walker,* 156 *Ga.* 711 (120 S. E. 105); *Smith* v. *Albright-England Co.,* 171 *Ga.* 545 (156 S. E. 313).

(*b*) The judgment of the trial court overruling the motion to dismiss the plea to the jurisdiction, until reversed or set aside, is the law of the case, that such plea is good in law and substance, and the agreed statement of facts being almost literally a copy of the plea and proving every allegation thereof, the court below could only find in favor of the plea to the jurisdiction, and, the judgment overruling the motion to dismiss the same not being excepted to in the present bill of exceptions, the same is binding on this court as the law of the case. *Georgia Northern R..Co.* v. *Hutchins,* 119 *Ga.* 504 (46 S. E. 659); *Moody* v. *Cleveland Woolen Mills,* 133 *Ga.* 741 (66 S. E. 908); *Turner* v. *Willingham,* 148 *Ga.* 274 (2) (96 S. E. 565); *Benson* v. *Andrews,* 149 *Ga.* 758 (102 S. E. 148); *Vickery* v. *Swicord,* 151 *Ga.* 145 (106 S. E. 92); *Perry* v. *Acree,* 165 *Ga.* 446 (141 S. E. 212); *Equitable Manufacturing Co.* v. *Hill-Atkinson Co.,* 17 *Ga. App.* 494 (2) (87 S. E. 715); *Quarterman* v. *Godwin,* 34 *Ga. App.* 201 (129 S. E. 14).

2. It follows that the judgment of the court below sustaining the plea to the jurisdiction must be affirmed.

*Judgment affirmed on the main bill of exceptions; cross-bill of exceptions dismissed. Jenkins, P. J., and Stephens, J., concur.*