## 24612. SPELL v. THE STATE.

GUERRY, J. The defendant was convicted upon an accusation charging him with the offense of possessing intoxicating liquors. The evidence amply supports the verdict. The amended grounds of the motion for new trial are without merit. The trial judge having approved the finding of the jury by overruling the motion for a new trial, this court can not interfere. *Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED APRIL 8, 1935.

*R. L. Dawson,* for plaintiff in error.
*Raymond Pierce, solicitor, William D. Turner,* contra.

## 24622. DRISCHEL v. DRISCHEL.

BROYLES, C. J. Where in the trial of a case the plaintiff files exceptions pendente lite to an interlocutory ruling of the judge, and, after a final judgment is rendered for that party, and a new trial refused, the case is brought to this court on a writ of error by the defendant, and the plaintiff fails to assign error on his exceptions pendente lite by a cross-bill of exceptions, and the judgment in favor of the plaintiff is reversed, resulting in a new trial and a verdict in favor of the defendant, and the case is again brought to this court for review, it is too late for the plaintiff, in the second bill of exceptions, to assign error on his exceptions pendente lite complaining of an interlocutory ruling made during the first trial. *Hodgkins* v. *Marshall,* 102 *Ga.* 191 (29 S. E. 174); *Story* v. *Brown,* 98 *Ga.* 570 (25 S. E. 582). See also *Little Rock Co.* v. *Hodge,* 109 *Ga.* 434 (34 S. E. 667).

(a) This holding is not affected by the fact that in the instant case (as in the *Hodgkins* case, supra ) the ruling complained of in the exceptions pendente lite was not a final ruling. The rule that a bill of exceptions must contain an exception to some final judgment does not apply to cross-bills of exceptions.

2. Under the foregoing ruling and the facts of the instant case, the assignment of error on the exceptions pendente lite can not be considered; and the assignment of error upon the final judgment, being based solely on the judgment complained of in the exceptions pendente lite, is insufficient to present any question for the determination of this court.

*Writ of error dismissed. MacIntyre and Guerry, JJ., concur.*

DECIDED APRIL 8, 1935.

*Mitchell & Mitchell,* for plaintiff.
*Thomas M. Stubbs, Neely, Marshall & Greene,* for defendant.