1. Where judgments overruling general demurrers to a petition are unexcepted to, they become the law of the case; and where, as here, the plaintiff proves the allegations of such a petition for damages and attorney's fees, he is entitled to recover. The evidence supported the verdict for the plaintiff for attorney's fees, and the general grounds of the motion for new trial are without merit.
2. Rulings on pleadings and interlocutory judgments, when preserved by exceptions pendente lite, may be reviewed by the Supreme Court when error is assigned thereon in the final bill of exceptions; but they are not reviewable as grounds of a motion for new trial.
3. Where the defendants have abandoned their plea attacking the plaintiff's deed upon the ground that the grantor was without mental capacity to make the same, and the validity of the deed is admitted, the plaintiff may not, over objection, introduce evidence showing mental capacity of the grantor for the purpose of sustaining his deed; but such evidence is admissible in support of the plaintiff's claim for damages because of the alleged bad faith on the part of the defendants in depriving the plaintiff of possession under the deed on the sole ground that the deed was invalid because of the grantor's mental incapacity to execute the same.
4. Where the petition seeks damages because of breach of contract on October 10, 1940, and previously thereto, it is not error to disallow evidence offered by the defendants showing negotiations seeking a compromise, but showing no settlement reached, and further showing an expressed willingness on the part of the defendants, made on October 13, 1940, to abide by the contract.
5. Grounds of a motion for new trial not argued in the Supreme Court will be treated as abandoned, and no ruling thereon will be made by this court.
 No. 14466. APRIL 13, 1943.
On June 16, 1940, L. W. Dye executed and delivered to F. P. Alexander a deed conveying a tract of land described as the "old *Page 677 
town plantation," reserving the right of possession for the remainder of the year, but containing a clause authorizing the grantee to enter thereon in the fall of 1940 for the purpose of planting grain. The grantor died testate during June, 1940, leaving six heirs, his wife and five children. His will named F. Wayne Dye, T. M. Nickles, and James Skelton as executors. Skelton did not qualify. In July, 1940, Alexander, the grantee, received a letter from an attorney who represented the executors, in which it was asserted that L. W. Dye was mentally incapable of making a deed on June 16, 1940, and that possession of the land conveyed would not be surrendered in accordance with the terms of the deed. Later the grantee, desiring to get a loan from the Federal Land Bank, induced an agent for the bank to investigate the land, and the attorney for the executors stopped this investigation, and again wrote Alexander that possession would not be surrendered. Thereafter Alexander went to Wayne Dye, one of the executors, and asked permission to enter upon the land as authorized in the deed. This request was refused, and he was again told that possession would never be surrendered to him. Thereupon Alexander brought this suit against the heirs of the grantor, L. W. Dye, and the foreman in possession of the farm, who had also denied the plaintiff the right to enter, alleging substantially the facts as above recited, and seeking to enjoin the defendants from interfering with the petitioner's right of possession, and for general relief. The defendants filed demurrer and answer, the answer denying every paragraph of the petition and setting forth as an affirmative defense that the deed from L. W. Dye to the petitioner was invalid for the reason that the grantor lacked sufficient mental capacity to execute a deed or contract at the time the deed was alleged to have been executed, and that for this reason the deed held by the plaintiff was a nullity and of no effect. The answer alleged further that the plaintiff knew and had known of the mental condition of the grantor at the time and before the deed was executed. The defendants admitted that they had through their attorney notified the plaintiff by letter of the facts set forth in the answer, and alleged that they had offered to refund to the plaintiff the money he had paid L. W. Dye for the land embraced in the deed, together with interest thereon. The answer admitted that the defendants were in possession of the land, and asserted that the plaintiff had *Page 678 
a perfect remedy at law to recover any damages that he might be able to prove by reason of the defendants' retention of possession. By amendment the plaintiff alleged, that the land involved was valuable for farming purposes and for pasture, and had a rental value of $5000 per year; that it was necessary to begin preparations for farming for the succeeding year by October 1st; that by withholding possession for that purpose the rental value would be depreciated 25 per cent; that it was necessary for equity to entertain jurisdiction to avoid a multiplicity of suits; and that if injunctive relief was denied, an order should be passed, bringing all matters in controversy, including rental value, into the litigation and adjudicating the same. At an interlocutory hearing on the prayer for a temporary injunction, judgment was rendered reciting that in view of the defendants' answer challenging the validity of petitioner's title because of the mental incapacity of the grantor, and the parties having admitted that the only issue of fact was the mental capacity of the grantor, and that since this made the title uncertain, the court would not by injunctive relief disturb the defendants' possession, but that all rights of the parties, both legal and equitable, should be protected and finally determined in this case, and that to this end all such matters, both as to the title and damages, be determined in this litigation, whether such rights be equitable or legal; and that, having so provided, the injunction is refused and the defendants left in possession, but that the defendants may elect to voluntarily surrender possession as provided in the plaintiff's deed, by October 10, 1940, and thereby avoid liability for damages claimed in the petition. To this judgment the defendants excepted pendente lite. The petition was further so amended as to allege, that the defendants informed the petitioner, on October 11, 1940, that they intended to retain possession of the farm for another year; that petitioner proceeded to secure other land for cultivation in 1941 at a rental cost of approximately $2000; that subsequently the defendants sought to relinquish possession of the land; and that if they abandon it the land will, because of lack of cultivation, deteriorate in value in the amount of $4000. The plaintiff prayed to recover these items as damages. On October 24, 1940, the plaintiff filed another amendment reciting that after the institution of this suit the will of L. W. Dye had been probated, and that Wayne Dye and T. M. *Page 679 
Nickles had qualified as executors; and praying that these executors be made parties defendant. It was further alleged that upon the expressed refusal of Wayne Dye, while acting as temporary administrator of the estate of L. W. Dye, to allow the plaintiff to enter upon the disputed property according to the terms of the deed, the plaintiff rented other land at an expense of $1500, and that the refusal of Wayne Dye to comply with the terms of the deed is chargeable to the representatives of the estate and entitles the plaintiff to damages. The defendants amended their answer by alleging that on October 13, 1940, they notified the plaintiff that they would surrender possession in accordance with the terms of the deed. Later Mrs. Descima Foss Dye, Mrs. Ethel Dye Cloer, Mrs. Louise Dye Skelton, and Mrs. Helen Dye Wyman, four of the heirs named as defendants, addressed a petition to the court, reciting that they had been advised that N. J. Smith, an attorney at law, had filed in their behalf various pleadings in the case, but that they denied that the attorney was authorized to appear in their behalf; and they prayed that they be stricken from all of the pleadings, judgments, and orders in said cause. Upon a hearing this prayer was granted. Thereupon these same defendants through their attorney filed an answer admitting the allegations of the petition in so far as they had information, except that they denied that they had authorized the foreman or any one else to exclude the plaintiff from possession of the premises in question. They expressly admitted that the plaintiff was entitled to the possession of the premises under the deed from L. W. Dye, dated June 16, 1940; and they expressly disclaimed any right, title, or interest in the lands described in the plaintiff's deed, except such rights as they might have under a security deed from the plaintiff to testator Dye. Thereafter Wayne Dye and T. M. Nickles, as executors of the will of L. W. Dye, filed an answer to the petition and all amendments, reciting that they had been made parties defendant by order of the court. This answer admitted that the petitioner bought the land by deed as alleged, and admitted petitioner's right to enter as provided in the deed, and that the land was in the possession of defendant Barron as foreman at the time the suit was filed. The answer denied that L. W. Dye died in 1940 leaving the heirs named in the petition, and denied that their attorney had interfered with the agent of the Federal Land Bank *Page 680 
as alleged in the petition. It denied that petitioner was entitled to the possession of the land, and, for want of information, the allegations of paragraph 5 of the petition, which were that the foreman Barron had informed the petitioner that he would not be permitted to enter upon the land in 1940, and that he was acting under orders from the defendants, were neither admitted nor denied. The answer denied the various damages claimed by petitioner, and recited that these defendants on October 14, 1940, notified the plaintiff that they no longer objected to his entering on the premises. These defendants filed another amendment relating to the claim of damages set forth in the amended petition. The plaintiff further amended by setting up items of damages alleged to have been suffered as a result of the defendants' breach of contract, and alleged that the defendants acted in bad faith in depriving him of possession; that they had been stubborn and litigious; and that they had caused him further damage or expense in employing an attorney to protect his interest in prosecuting this action, at an expense of $1250. The defendants' demurrers to the amended petition were overruled, and other rulings adverse to the defendants on the pleadings were made; to all of which the defendants excepted pendente lite.
Before the case went to the jury, the validity of the plaintiff's deed was admitted, and all issues were eliminated except that of the petitioner's right to recover the damages and attorney's fees claimed. Upon the trial there was evidence to support the allegations of the petition as to the defendants' breach of contract and depriving petitioner of possession of the land involved, and also evidence that the grantor Dye was of sound mind and capable of executing the deed in June, 1940. The plaintiff introduced a check given by him to Mr. Barwick, his attorney, for $1250, which he testified was in payment of attorney's fees in the present case and was a reasonable compensation for such services. This check was marked paid by the bank upon which it was drawn. Verdict was returned in favor of the plaintiff for $1250 attorney's fees, and judgment was entered in favor of the plaintiff and against the defendant executors for this amount. To the judgment overruling their motion for a new trial the defendants excepted.
1. The judgments overruling the general *Page 681 
and special demurrers, having become final, are the law of the case, and the plaintiff is entitled to the relief sought upon making proof of the allegations of the petition. Kelly v.Strouse, 116 Ga. 872 (7) (43 S.E. 280); Hawkins v.Studdard, 132 Ga. 265 (2) (63 S.E. 852, 131 Am. St. R. 190);Brooks v. Rawlings, 138 Ga. 310 (75 S.E. 157); Bailey v.Georgia Florida Railway, 144 Ga. 139 (86 S.E. 326). SeeAllen v. Harris, 113 Ga. 107 (3) (38 S.E. 326). The evidence upon the trial was sufficient to show a breach of contract, and that this breach of contract was in bad faith since it was placed by the defendants upon their contention that the grantor in the plaintiff's deed was mentally incapable of executing the deed. This contention was abandoned before trial; and the plaintiff proved that the contention was not well founded, and that the grantor was of sound mind and had sufficient mental capacity to make the deed. This was sufficient to entitle the plaintiff to recover attorney's fees. Code, § 20-1404; O'Neal v. Spivey, 167 Ga. 176 (145 S.E. 71). The evidence relating to attorney's fees showed that the plaintiff had paid $1250 to his attorney, and that the amount paid was reasonable compensation for the services rendered. The verdict was authorized by the evidence, and the general grounds of the motion are without merit.
2. Rulings on pleadings and interlocutory judgments, when not reviewed by direct bill of exceptions before final judgment, may be excepted to pendente lite, and after final judgment may be reviewed by assigning error thereon in the bill of exceptions. Such rulings when preserved by exceptions pendente lite can not be made grounds for a motion for new trial. Hawkins v.Studdard, supra; Hall v. Wingate, 159 Ga. 630, 656
(126 S.E. 796). It follows that special grounds 1 to 6, inclusive, of the motion for new trial, which complain of such rulings, show no grounds for a new trial and will not be considered.
3. Grounds 8, 11, and 12 complain of the court's ruling permitting the plaintiff to introduce testimony to the effect that his grantor Dye was of sound mind and capable of making the deed on June 16, 1940; it being contended that since the attack upon the deed because of the alleged mental incapacity of the grantor had been eliminated from the case and the validity of the deed admitted, this evidence was irrelevant, immaterial, and prejudicial. Evidence for the purpose of sustaining the deed by repelling the *Page 682 
defendants' attack thereon as made in their pleadings was unnecessary, but it was admitted for the purpose of proving the plaintiff's contention that the defendants had acted in bad faith. To prove his case it was necessary that the plaintiff show bad faith and stubborn litigiousness on the part of the defendants. Since their breach of the contract was placed solely on their claim that the deed was void because of the mental condition of the grantor, evidence showing that the grantor's mind was sound would show that the defendants' claim was not well founded. The court did not err in allowing this evidence.
4. In ground 10 the movants complain of the ruling of the court excluding evidence offered by the defendants to show negotiations and attempts to compromise made subsequently to October 10, 1940. This evidence was not admissible for the purpose of showing settlement of the case, since it shows that no settlement was reached. None of the evidence excluded denies the alleged conduct of the defendants before October 13, 1940, which conduct is made the basis of the plaintiff's suit, and because of which the litigation resulting in expense to the plaintiff was instituted. It does not appear that the evidence excluded was relevant to any issue, and the court did not err in excluding the same.
5. A number of other grounds complain of rulings excluding evidence and of excerpts from the charge. These grounds are not argued in this court and are treated as abandoned. They will not be considered. Code, § 6-1308.
Judgment affirmed. All the Justices concur.