35728.   HARRIS *v.* McDANIEL.

DECIDED JUNE 28, 1955.

*C. E. Hay,* for plaintiff in error.
*Titus, Altman & Johnson,* contra.

NICHOLS, J. ■ The trial court overruled the defendant's demurrer to the plaintiff's declaration. The demurrer stated that the petition did not show the jurisdiction of the court over the person of the defendant. Article VI, section XIV, paragraph VI of the Constitution of 1945 (Code, Ann., § 2-4906) provides in part: "All other civil cases shall be tried in the county where the defendant resides." There is no provision in the Constitution for any exception to this rule in attachment cases. "A declaration in attachment, like any other petition, must show the jurisdiction

of the court." *Smith* v. *Jacksonville Oil Mill Co.*, 21 *Ga. App.* 679 (3) (94 S. E. 900). The Code, § 8-117, referring to where attachments are returnable, provides in part: "When the amount sworn to shall exceed the sum of $100, the attachment shall be made returnable to the next term of the superior or county court of the county where the defendant resides, or where he last resided." The declaration in the present case does not show that the defendant was a nonresident or that he was a resident of the county where the attachment was returned, nor was the ground of attachment one that would lie only against a nonresident. Accordingly, the trial court erred in overruling the defendant's demurrer on this ground. *Coney* v. *Horne*, 93 *Ga.* 723 (3) (20 S. E. 213); *Weatherly* v. *Southern Co-operative Foundry Co.*, 111 *Ga.* 826 (36 S. E. 659).

■ The defendant assigned error on the overruling of his objection to the allowance of an amendment proffered by the plaintiff, on the ground that, if the amendment were allowed, the petition would still not show the jurisdiction of the court over the person of the defendant. Any amendment which, if allowed, would not perfect the allegations as to jurisdiction should be rejected. *Calhoun* v. *Edwards*, 202 *Ga.* 95, 98 (42 S. E. 2d 426), and cases cited. Accordingly, in view of the ruling in the first division of this opinion, the trial court erred in overruling the objection of the defendant to the allowance of the amendment.

■ The defendant filed his plea to the jurisdiction, in which he stated the county of his residence, and the proper court in which he could be sued, as provided by the Code, §§ 81-501, 81-502, and 81-503. The written motion of the plaintiff to strike the defendant's plea, which motion alleged that the plea was insufficient in law, was sustained after the oral motion of the plaintiff to strike the defendant's plea had been overruled. The defendant contends that the order overruling the plaintiff's oral motion was the law of the case, and that the trial court erred in later sustaining the written motion to strike such plea. The plaintiff in his brief argues that the oral motion to dismiss and the written motion to dismiss were one and the same motion, that the oral motion to dismiss was reduced to writing and then the trial judge sustained such motion. The bill of exceptions shows

to the contrary, that in fact there was an oral motion to dismiss the plea to the jurisdiction, which was overruled, and then there was a written motion to dismiss the plea to the jurisdiction which was sustained. A motion to dismiss is in the nature of a general demurrer, and may be used at any time until final judgment, where there is no ruling upon the merits of a general demurrer. *Kelly* v. *Strouse,* 116 *Ga.* 872 (5a) (43 S. E. 280) ; *Blount* v. *Radford,* 16 *Ga. App.* 95 (84 S. E. 591). In view of the above, a motion to dismiss a named plea cannot be considered where there has been a previous ruling upon a motion to dismiss the same plea, which has not been vacated or reversed. It was said in *Roles* v. *Edwards,* 49 *Ga. App.* 527 (176 S. E. 106) : "A judgment overruling a general demurrer to a petition, unless excepted to and reversed, is an adjudication that the petition sets forth a cause of action. . .. It matters not, therefore, whether the ruling on the demurrer was right or wrong; it became the law of the case and is conclusive upon the parties thereto." Such a ruling on a general demurrer also applies to a ruling on a motion to dismiss, which of course is in the nature of a general demurrer. The ruling on the oral motion to dismiss became the law of the case, and it follows that the trial judge erred in sustaining the written motion to dismiss the defendant's plea to the jurisdiction after he had previously overruled a similar oral motion. *Virginia Lumber Corp.* v. *Atlantic Coast Line R. Co.,* 46 *Ga. App.* 534, 536 (168 S. E. 323).

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*