## 36234. UNITED STATES CASUALTY COMPANY *v.* DURRENCE.

DECIDED JULY 5, 1956—REHEARING DENIED JULY 24, 1956.

*Robert E. Hicks, Nall, Sterne, Miller, Cadenhead & Dennis,* for plaintiff in error.

*Harris, Chance & McCracken, Barrett & Hayes,* contra.

NICHOLS, J. 1. The one ground of special demurrer alleges that the paragraph of the petition stating that the original of the bond sued on is in the possession of the defendant should be stricken since the petition shows that the original of the bond was given to Southern Construction Company, Inc., the prime contractor, and is therefore not in possession of the defendant.

The only references to the bond in question made in the petition were that the defendant executed such bond, that the subcontractor, Weese-Weeks Construction Company, was the principal, that the defendant was surety, that the bond provided that all sums due for labor and material on said project would be paid by said surety in the event that it was not paid by the principal, that the bond is in full force and effect, and that the bond is in the possession of the defendant. Therefore, since the petition does not show that the bond is not in the possession of the defendant, as urged in this ground of demurrer, the trial court did not err in overruling such special ground of demurrer.

2. The petition was not subject to being dismissed on general demurrer, or upon motion, for failure to have attached thereto a copy of the surety bond, or the contract, sued on. *Gonackey v. General Accident &c. Assurance Corp.*, 6 *Ga. App.* 381, 384 (65 S. E. 53); *Hill v. Harris*, 11 *Ga. App.* 358 (1) (75 S. E. 518), and *Monday v. Life & Cas. Ins. Co. of Tenn.*, 82 *Ga. App.* 650 (62 S. E. 2d 197). While the allegations of a petition are to be construed most strongly against the pleader on general demurrer they must be also accepted as true.

The petition alleges that the plaintiff entered into a contract with Weese-Weeks Construction Company to haul dirt to a designated place at a fixed price per unit hauled, that the plaintiff performed this contract, that Weese-Weeks Construction Company paid him a part of the contract price, but not all, that the balance sued for was past due, unpaid and that the hauling was performed according to the contract, that the defendant executed a bond whereby Weese-Weeks Construction Company was principal and the defendant was surety that such bond provided that all sums due for labor and material on the project would be paid by the surety in the event that it was not paid by the principal, and that such bond is in full force and effect. The petition then alleges that Weese-Weeks Construction Company has defaulted in the payment of the amount due the plaintiff, and that under the terms of the bond the defendant is liable to the plaintiff.

The defendant relies heavily on the decision of the Supreme Court in the case of *Glens Falls Indemnity Co. v. Southeastern Construction Co.*, 207 *Ga.* 488, 492 (62 S. E. 2d 149), wherein it was held that the bond must show that the materialman [or

laborer], "must not only have a legal claim on the contractor for the materials, but it must also have been in contemplation of the parties to the surety contract that the bond should indemnify the materialman; that furnishing material for which he was not paid was not enough enough to authorize suit on the bond; and that the contract must show privity between the surety and the materialman, which was not done by the language there used." The language there used was that the bond was "to indemnify the prime contractor for the performance and fulfillment of the agreement of the subcontractor to *furnish, provide, and pay for all labor and material.*" The bond, according to the pleadings, in the present case was that the surety would pay all sums due for labor and material in the event that it was not paid by the principal. The distinction is thus apparent. In *Glens Falls Indemnity Co.* v. *Southeastern Construction Co.,* supra, which was based on the decisions in *American Surety Co.* v. *Small Quarries Co.,* 157 *Ga.* 33 (120 S. E. 617), and *American Surety Co.* v. *County of Bibb,* 162 *Ga.* 388 (134 S. E. 100), the bond sought to indemnify the prime contractor in the event the subcontractor failed to perform his obligations under the contract, and the Supreme Court held that the obligation of the surety did not extend to the materialman furnishing material to the subcontractor. In a full-bench decision in the case of *Union Indemnity Company* v. *Riley,* 169 *Ga.* 229 (150 S. E. 216), the Supreme Court held that where the bond provided that the surety would "pay all persons who have contracts directly with the principal for labor or materials" an action could be maintained against the surety for the use of the person furnishing the labor or materials.

In the present case the pleadings do not show that the bond sued on was executed for the sole purpose of indemnifying the prime contractor or the owner of the property, but they do show that the surety agreed to pay all sums due for labor and material in the event they were not paid by the principal. Therefore, accepting the allegations of the petition as being true the trial court did not err in overruling the defendant's general demurrer to the petition.

*Judgment affirmed. Quillian, J., concurs. Felton, C. J., concurs specially.*

FELTON, C. J., concurring specially. In my opinion the provision of the surety contract in this case is in principle the same as the one in *Union Indemnity Co.* v. *Riley,* 169 *Ga.* 229 (150 S. E. 216), a full-bench decision, and the bases for the ruling in this case are the rulings in that case and in the list of cases cited in the middle of page 491 in the majority opinion in *Glens Falls Indemnity Co.* v. *Southeastern Construction Co.,* 207 *Ga.* 488; and the Act of 1949 (Ga. L. 1949, p. 455) authorizing the beneficiary of a contract made between other parties for his benefit to maintain an action against the promisor in such a contract. Code (Ann. Supp.) § 3-108.