### 36549. STEWART v. HOLLAND.

TOWNSEND, J. 1. An action for money had and received is founded on the equitable principle that no one ought unjustly to enrich himself at the expense of another, and lies in all cases where another has received money which the plaintiff, *ex aequo et bono,* is entitled to recover and which the defendant is not in good conscience entitled to retain. *Jasper School District v. Gormley,* 184 *Ga.* 756, 758 (193 S. E. 248); *Zapf Realty Co.* v. *Brown,* 26 *Ga. App.* 443 (106 S. E. 748); *Brackett* v. *Fulton National Bank,* 80 *Ga. App.* 467 (56 S. E. 2d 486).

2. The petition in the present case alleges that Mrs. Stewart, the defendant, was an office employee of the plaintiff Holland doing business as Holland Bonded Warehouse during the years 1953, 1954, and 1955; that in the course of such employment she received from the plaintiff the sum of $12,880.06 representing receipts of the warehouse business, which money belongs to the plaintiff and was received by the defendant in her capacity as employee; that the defendant retains said money and refuses to pay it over to the plaintiff although demand has been made. Under the above cited authorities the petition is sufficient as against general demurrer, and the trial court did not err in overruling the general demurrers.

3. Paragraph 3 (b) through 3 (e) of the demurrers, calling for further information, is treated as a special demurrer although directed to the petition as a whole, since it goes to the form and not the merits of the controversy. These grounds were properly overruled, falling, as they do, under the ruling in *Southern Railway Co.* v. *Turner,* 89 *Ga. App.* 785, 789 (81 S. E. 2d 291) as follows: "Factitious demands by special demurrer are not favored, and all of such remaining grounds either call for additional facts, or seek to compel the plaintiff to plead matter more appropriate to a defense of the action than to its prosecution." These grounds were properly overruled.

4. Paragraph 3 (a) of the demurrer calls for more information as to how the money alleged to be received by the defendant was received by her. Since paragraph 4 of the petition alleges that the money was "received from plaintiff" and paragraph 6 alleges that it was "received for plaintiff," there is some ambiguity as to whether the plaintiff meant to allege that it

turned the actual money over to the defendant for some purpose not fulfilled, or whether the fund was received from third parties in defendant's capacity as plaintiff's agent. Accordingly, this ground of demurrer should have been sustained.

*Judgment reversed in part and affirmed in part. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 30, 1957.

*Forester & Calhoun, A. J. Whitehurst,* for plaintiff in error.
*Alexander, Vann & Lilly,* contra.