37159. GEORGIA CASUALTY & SURETY COMPANY
*v.* REVILLE.

DECIDED JUNE 23, 1958—REHEARING DENIED JULY 14, 1958.

*Fulcher, Fulcher, Hagler & Harper, J. Walker Harper, John F. Hardin,* for plaintiff in error.

*Randall Evans, Jr.,* contra.

NICHOLS, Judge. ■ No exception was taken to the judgment of the trial court overruling the defendant's special demurrers on the first appearance of this case before this court, and such judgment became the law of the case. *McWilliams* v. *Walthall,* 77 *Ga.* 7; *Hodgkins* v. *Marshall,* 102 *Ga.* 191 (29 S. E. 174); *Oslin* v. *Telford,* 108 *Ga.* 803 (34 S. E. 168); *Little Rock Cooperage Co.* v. *Hodge,* 109 *Ga.* 434 (34 S. E. 667); *Morris* v. *Duncan,* 126 *Ga.* 467 (3) (54 S. E. 1045, 115 Am. St. R. 105). Therefore, no question is now presented for decision as to such judgment, inasmuch as this court will pass upon judgments overruling special demurrers at the time it passes upon an assignment of error to the overruling of a general demurrer. See *Stewart* v. *Holland,* 95 *Ga. App.* 28 (96 S. E. 2d 623); *United States Cas. Co.* v. *Durrence,* 94 *Ga. App.* 222 (94 S. E. 2d 101).

■ The assignment of error that the trial court erred in denying the defendant's second motion to dismiss in the nature of a general demurrer, made after the first judgment of the trial court denying its first motion to dismiss in the nature of a general demurrer was affirmed, is without merit.

While the first motion to dismiss was limited, in that it challenged the petition because it allegedly failed to set forth a cause of action for a given reason, it nevertheless was in the nature of a general demurrer, and where a general demurrer is overruled it becomes the law of the case until vacated or reversed. The first motion to dismiss, which was denied, became the law of the case on the first appearance of the case before this court, and the second motion to dismiss, although it was much broader in its attack on the plaintiff's petition, cannot be considered. See *Harris* v. *McDaniel*, 92 *Ga. App.* 299 (88 S. E. 2d 442).

■ The sole remaining issue is whether the trial court erred in denying the defendant's motion for new trial based on the usual general grounds only.

As shown above, the law of the case was made on the first appearance before this court. Whether the plaintiff's petition failed to set forth a cause of action for any reason other than the reason urged in its first motion to dismiss must be treated as having been waived, and after the law of the case was established the plaintiff, in order to authorize a verdict in his behalf, merely had to prove his case as laid (see *Dye* v. *Alexander*, 195 *Ga.* 676 (1), 25 S. E. 2d 419, and cases cited), although he may not be entitled to recover each and every item sought by his petition. *Jones* v. *Darling*, 94 *Ga. App.* 641 (95 S. E. 2d 709). The case sub judice is therefore distinguishable from the line of cases exemplified by *Blount* v. *Metropolitan Life Ins. Co.*, 192 *Ga.* 325 (15 S. E. 2d 413), where the general demurrer or motion to dismiss in the nature of a general demurrer, does not go to the sufficiency of the pleadings, but goes only to jurisdictional and like matters.

The plaintiff's petition is set forth in substance in *Georgia Cas. Co.* v. *Reville*, 95 *Ga. App.* 358, supra, and it would indeed serve no useful purpose to repeat it here. The material allegations, except as to the bad faith or negligence of the defendant, were either admitted by the defendant's answer or by admissions, made in response to a request for admissions, which admissions were admitted in evidence. While the defendant presented evidence as to its good faith in failing to settle the claim within

the policy limits there was evidence adduced from a vice president of the defendant insurance company: "After the trial and after they had a judgment against him for $15,000, it came to my attention that Mr. Evans had written a letter to our attorneys, Norman and Neal, and had offered to settle for $5,000 and interest. We turned that down. We turned that down because we knew if we went ahead and lost, we would lose just the $5,000. I don't know what he would lose. We didn't have anything to lose then but $5,000 either way." There was also other evidence that would have authorized the jury to find that the defendant had acted in bad faith so as to authorize the verdict for the plaintiff. The verdict for the plaintiff was authorized by the evidence and the trial court did not err in denying the defendant's motion for a new trial on the usual general grounds.

*Judgment affirmed. Gardner, P. J., Townsend, Carlisle, and Quillian, JJ., concur. Felton, C. J., dissents.*

FELTON, Chief Judge, dissenting. The crux of this case is whether the insurance company under the facts can appeal from a jury verdict against it without being penalized for so doing on the ground that it acted in bad faith. Bad faith in such a case need not be redefined. All that is necessary in this case to arrive at the truth is to read the evidence in the damage action against the defendant in error and the dissenting opinion of the two judges of this court who dissented in that case. Reputable and able attorneys of the bar of this State, representing the insurance company, must be inferentially branded as having acted in bad faith to arrive at a judgment of affirmance in this case because they both were of the opinion that the case could be won in the trial and appellate courts. We as lawyers know that almost without exception attorneys control the conduct of litigation and that their advice is followed on recommendations to appeal or not. To affirm this judgment, to me, is to deny a litigant his legal and constitutional right. Regardless of the outcome of any particular case the gradual chiseling away of rights cannot but lead down the blind alley of loss of liberty. We cannot close our eyes to the legal principles announced by the courts of this and other States on the

rights of citizens and litigants where the question of liability is a close one. *American National Ins. Co.* v. *Holbert,* 50 *Ga. App.* 527, 528 (179 S. S. 219); *Life & Cas. Ins. Co. of Tennessee* v. *Freemon,* 80 *Ga. App.* 443, 444 (56 S. E. 2d 303); Albergotti *v.* Equitable Life Assurance Society of the United States, 48 Fed. Supp. 290, 291; *Cotton States Life Ins. Co.* v. *Edwards,* 74 *Ga.* 220 (4); *Travelers Ins. Co.* v. *Sheppard,* 85 *Ga.* 751 (4) (12 S. E. 18); *Southern Ins. Co.* v. *Ray,* 40 *Ga. App.* 262 (149 S. E. 304); *Life & Casualty Ins. Co.* v. *Blackburn,* 59 *Ga. App.* 479 (1 S. E. 2d 450); *New York Life Ins. Co.* v. *Ittner,* 64 *Ga. App.* 806 (14 S. E. 2d 203); *Pearl Assurance Co. Ltd.* v. *Nichols,* 73 *Ga. App.* 452 (37 S. E. 2d 227).

The evidence showed not one single circumstance where the plaintiff in error did anything or left anything undone which it did not have a right to do under the contract of insurance.

The evidence in the damage action would have authorized a verdict for the defendant and under the rulings of this court the right to appeal the jury's verdict without penalty is academic and fundamental.

Other matters were involved in the trial of this case which were not alleged in the petition which was held not to be subject to demurrer. Among other things were the provisions of the policy of insurance and the entire record in the damage action showing the dissent by two judges of this court. See 93 *Ga. App.* 23.