ANSON W. ALDRICH *v.* GEORGE A. HOWARD.

An action on the case for unlawfully erecting a large stable so near a hotel as to become a nuisance thereto, survives, by force of the tenth section of Ch. 176 of the Revised Statutes, the death of the defendant pending the same; and may be prosecuted against his executor, cited in to defend the same.

THIS was an action on the case, for building a large wooden stable, contrary to law, so near the hotel, stores and dwelling house of the plaintiff, as to cause a nuisance thereto, and to deprive the plaintiff of the profitable renting and use of the same. The same action came before the court at the September term, for the county of Providence, 1862, upon demurrer to the fourth and fifth counts of the declaration (7 R. I. 199); and the matter embraced by it was brought before the court for injunction, in equity, at the September term previous, for the same county. 7 R. I. 87.

The defendant having died pending the case, his death was suggested at the September term, 1863; and, at the March term, 1864, his executor, Zachariah Chaffee, having been summoned to defend the case, moved to dismiss the same, on the ground that the cause of said action did not survive the death of the defendant against his estate, and that he, the executor of the defendant, was not bound further to defend said action.

*James Tillinghast, with whom was Bradley, for the motion:*—

I. At common law this action would unquestionably abate with the death of the defendant. 2 Williams on Executors, 1470; *Little* v. *Conant,* 2 Pick. 527; *Holmes* v. *Moore,* 5 Ib. 257.

II. It is not saved by our statute (Rev. Stats. ch. 176, § 10). By the uniform construction given to similar statutes in other States, this only applies to actions for direct injury to the person or to the property itself. The language of the statute, the court will observe, is the same as applied to actions for damages to the person as to property. The gravamen of the damages here claimed are *personal* to the plaintiff and his tenants, not damage to the estates themselves. To hold that this action survives,

would be to extend the statute to embrace all actions for damages whatsoever, manifestly not the intent of the Assembly. See *Smith* v. *Sherman*, 4 Cush. 408 ; *Nettleton* v. *Dinebort*, 5 Ib. 543 ; *Walters* v. *Nettleton*, 5 Ib. 544 ; *Stillman* v. *Hollenbeck*, 4 Allen, 391 ; *Barrett* v. *Copeland*, 20 Vermont, 244 ; *United States* v. *Daniel*, 6 How. 11 ; *Read* v. *Hatch*, 19 Pick. 47 ; *Zabriskee* v. *Smith*, 3 Kern. 322 ; *Cutting* v. *Tower*, 14 Gray, 183.

III. Another test is, whether this action would be assignable. For, as a general principle, actions which survive pass to an assignee. We submit it would not. *Somner* v. *Wild*, 4 Serg. & Rawle, 19–28 ; *O'Donnell* v. *Seybert*, 13 Ib. 54–56 ; *Zabriskie* v. *Smith*, 3 Kernan, 322.

*Currey, against it,* relied upon the express words of ch. 176, § 10, of the Revised Statutes, which expressly named, as surviving, all actions of trespass on the case, for damages to real and personal estate ; which means, of course, for damage to some specific property or estate. *Read* v. *Hatch*, 19 Pick. 47 ; *Dana* v. *Lull*, 21 Vt. 383.

BRAYTON, J. This action was brought against the defendant, now deceased, to recover damages alleged to have been done to the real estate of the plaintiff by means of certain nuisances, kept up and maintained by the defendant, upon his premises adjoining. In one count of the declaration (it is not necessary to cite other similar counts) the plaintiff alleges, that he was the owner and proprietor of a hotel, called the " Aldrich House," of great value for sale or for lease, and paying a large annual rent. And the deceased, being the owner of land adjoining, erected thereon and maintained a livery stable, and kept a large number of horses therein, and created noisome smells and vapors uncomfortable and unwholesome, which were caused to come upon and into the said building, and incommoded the guests, tenants and inhabitants, in their occupation of the said premises of the plaintiffs ; and that the lessees were hindered from carrying on their business as beneficially as they might, whereby the value of said premises has been reduced, and the plaintiff has been obliged to reduce the rent of the same. The executor of the defendant now moves that the action be dismissed, on the ground, that

such action does not, by law, survive, but has become abated by the death of the defendant.

By the common law, in the case of an injury to the property of another, or to his person, for which damages only could be recovered in satisfaction, the action died with the person; and whenever the action was founded upon a tort, or *cras ex delicto*, or where the declaration imputes a tort, either to the person or property of another, and the plea must be not guilty, the maxim *actio personalis moritu cum persona* applies. 1 Saund. 216, n. 1; 2 Williams on Executors, 1470. Although this was modified, to some extent, by statute (4 Edw. III. chap. 7) in favor of executors and administrators, by an equitable and liberal construction of its terms, giving a remedy for injuries done to the personal estate of the deceased, the modification did not extend to injuries done to the person or to the freehold; neither did that statute give any remedy against an executor or administrator for a tort committed by the deceased against the person or property of another; and so the remedy against the personal representatives for a tort committed by the deceased, remained here as at common law, until the passage of the act contained in Revised Statutes, ch. 176, § 10, by which it is declared that "causes of action and actions of trespass and trespass on the case for damages to the person, or to real and personal estate," shall survive the death of the plaintiff or defendant therein. Section twelve of the same chapter provides, that in case of such suit against an executor or administrator of a party originally liable, the plaintiff shall recover only the value of the goods taken, or the damage actually sustained, without any vindictive or exemplary damages, or damages for any alleged outrage to the feelings of the injured party.

The question raised by this motion is, whether this action is saved by the provisions of the sections of the Revised Statutes referred to? The defendant insists, that it is not within the reason of the act; and that the act was only intended to apply to actions in which the injury results directly to the person, or to specific property, real or personal, and to injuries to the property itself; and in no other case was the action or cause of

action intended to survive against the executor or administrator of the deceased wrong-doer.

The statute provides not only for cases of trespass, where the injury is not only the direct but the immediate effect of a wrongful act forcibly done, but for actions of the case, where the damages are not immediate, but, to be recoverable, must be the natural and proximate consequence of the wrongful act alleged. If by *direct* injury to the property is intended an injury to it thus resulting as the natural and proximate consequence of the act charged against the deceased, the injury here complained of would seem to be of that character, and to be the natural and proximate consequence of the nuisance charged. If it be any injury whatever to the real estate, it flows, as alleged, as naturally and directly as any injury may be supposed to flow from any other wrongful act.

But it is urged that the injury here alleged is no injury to the real estate of the plaintiff, but, as charged, an injury personal to the plaintiff.

This is an instance of a large class of cases falling under the denomination of torts to real property corporeal, and may be found classed as nuisances to real estate. The declaration in this case is framed to accord with that class of cases in the books of forms. It rests upon the same principles as an obstruction of one's lights; for erecting a smith's shop to the annoyance of a dwelling; for obstructing an entrance to the plaintiff's dwelling; for keeping a slaughter house near the plaintiff's house, whereby the plaintiff, a schoolmaster, lost many scholars; for carrying on the business of a candle-maker next the plaintiff, by which the air was corrupted, and his house rendered unfit for habitation. These are all treated as injuries to the real estate, and not injuries merely personal to the plaintiff. The twelfth section of the act has carefully provided, that though the actual damage done to the person or to the real or personal estate may be recovered, no damages shall be assessed for any alleged injury to the feelings of the injured party. If there be any allegation of such injury, it cannot be given in evidence in this suit.

The cases referred to, on the part of the defendant, do not

appear to support the positions to which they were cited. The damage is here alleged to be done to specific real estate. It does not fall within the case of *Read* v. *Hatch*, 19 Pick. 47, which was an action for falsely representing the credit of a trader to be good, and in which Shaw, C. J., said : " the statute must be confined to damages done to some specific property of which one may be the owner; " mere pecuniary loss is not regarded as damage done to real estate. Nor is it affected by the case of *Barrett* v. *Copeland*, 2 Vt. 244, which was for a false return to a writ, whereby the plaintiff's suit was defeated. In this case, Bennet, J., delivering the opinion of the court, says, " the statute must be confined to actions to recover damages to some specific property, and not to one for a mere wrongful act prejudicial to the assets ; and that though the loss of the action was consequential on the false return, the assets only were indirectly affected. In *United States* v. *Daniel et al.* 6 Howard, 11, the action was for a false return, as in the preceding case, not for an injury to any specific property, *but to assets only*. The case of *Zabriskie* v. *Smith*, 3 Kernan, 322, was, like that of *Read* v. *Hatch*, for false representations of credit, and governed by the same rule. The case, however, simply decided that the action would not survive by the common law, nor by statute 4, Edw. III. It does not appear that any other statute was in question. The case of *Stillman* v. *Hollenbeck*, 4 Allen, 291, was for false affirmation of a garnishee, and governed by the case of *Read* v. *Hatch*. *Cutting* v. *Tower and others*, 14 Gray, 183, was an action for deceit in the sale of poisoned grain, which the plaintiff fed to his horse, whereby the horse died. The case was determined on the ground, that the injury alleged was not the natural and proximate consequence of the deceit, but resulted only incidentally and collaterally from it; and but for the act of the plaintiff in feeding it to the horse, the damage alleged would not have happened. *Smith* v. *Sherman*, 4 Cush. 408, was an action for breach of promise to marry, in which it was held that this was not an injury to the person, within the meaning of the statute of Massachusetts. Our statute does not treat cases of contract; and a breach of contract could hardly be deemed an injury to the person of the contracting

party, though it might be an outrage to the feelings,—a kind of injury which the statute expressly excludes.   There are two other cases cited, *Nettleton* v. *Dinehart*, 5. Cush. 543,—which was an action for malicious prosecution,—and the case of *Walters* v. *Nettleton*, 5 Cush. 544, which was an action for a libel.   The injury here was not to the person, nor was it to any specific property ; if either case affected more than the injured feelings, it was the general assets only.

We are of opinion that the case stated in this declaration is within the purview of this act, and that the action survives; and the motion to dismiss must be overruled.