WILLIAM PRESCOTT, Administrator, *vs.* HEBRON KNOWLES.

*Action. Trespass under R. S., c.* 30, § 1, *survives.*

An action of trespass for double damages, under R. S., c. 30, § 1, for injury done by a dog, survives the plaintiff's death during its pendency.

ON EXCEPTIONS.

TRESPASS under R. S., c. 30, § 1, for injuries to the person of the plaintiff's intestate by the defendant's dog. The writ was sued out August 5, 1871, returnable to and entered at the ensuing October term of this court for this county. During the pendency of the action the original plaintiff died, January 23, 1873, and his death and the appearance of his administrator were suggested upon the docket of the March term, 1873, whereupon, at the motion of the defendant, the presiding justice dismissed the action, ruling that it did not survive. The plaintiff excepted.

*E. F. Pillsbury,* for the plaintiff.

R. S., c. 30, § 1, provides that the remedy for injuries done by dogs shall be trespass; and R. S., c. 87, § 8, declares that this form of action shall survive, dropping the qualifying clauses of the corresponding section of the preceding revision. *Hooper v. Gorham,* 45 Maine, 209. The legislative intent that suits for such causes, carrying double damages by every revision since the original enactment of 1821, c. 174, should survive, is evident.

R. S., c. 87, § 9, provides that where a defendant dies, *pendente lite,* only single damages shall be recovered; showing that, in such instances, it survives; *a fortiori,* it ought to do so to the representative of one whose death may have been—as we claim was the fact here—caused by the dog. Though the estate of a wrong-doer is not to be diminished by double damages, at the expense of the creditors or heirs, yet that of the plaintiff is entitled to receive from the original defendant the full statutory measure of damages.

*A. Libbey*, for the defendant.

I.   This is a personal action founded upon a tort, and would not survive at common law, and can survive only by express provision of statute.   1 Saunders R. 216, n. 1.

II.   Trespass as used in R. S., c. 87, § 8, must be taken to refer only to those actions of trespass upon property, known to the common law.   If taken to include all actions of trespass, it would include actions of trespass for assault and battery, but these are excepted in the statute, and are therefore not included in trespass.

III.   Where a statute gives a right of action in a case where none is given at common law, and provides a certain form of action the court will not be concluded by the form, but will look to the nature of the action in determining whether or not it survives. *Smith v. Sherman*, 4 Cush., 412.

IV.   This is an action for the recovery of a forfeiture.   R. S., c. 30, § 1, under which this action is brought, provides that the "owner, keeper," &c., of the dog, "shall forfeit to the injured person;" and a forfeiture will not survive either by statute or common law.

V.   "The provisions of the statutes allowing actions of tort to survive, have been strictly construed so as not to extend the exceptions beyond the clear intent of the legislature."   *Cutting v. Tower*, 14 Gray, 183.

DICKERSON, J.   This is an action of trespass to recover damages for personal injuries done to the plaintiff's intestate by the defendant's dog.   The presiding justice sustained the motion of the defendant to dismiss the action, on the ground that it does not survive, and the plaintiff excepted to this ruling.

There is no question but that the action does not survive at common law.   Does it survive under our statutes ?   The provision for the recovery of double damages by an action of trespass for injuries to person or property by a dog, has been retained without material change in all the revisions of the statutes since 1841, while the restrictions upon the survivorship of actions of trespass,

and trespass on the case provided in that revision, were omitted in both of the revisions of 1857 and 1871.

It was held in *Hooper v. Gorham*, 45 Maine, 215, that the purpose of this omission was to remove the restrictions imposed by the statutes of 1841 upon the survivorship of actions of trespass and trespass on the case. This omission, however, would not make such actions survive, without some statute to invest them with the character of survivorship.

By our statutes, trespass lies for this class of injuries, and actions of trespass and certain other actions survive in addition to those that survive at common law. R. S., c. 30, § 1, and c. 87, § 8. These provisions of the statutes make no distinction in respect to survivorship, between actions of trespass upon the person and upon property; or between actions of trespass at common law and actions of trespass created by statute; all these several kinds of actions of trespass are included in the term "actions of trespass." The same section of the chapter that provides for the survivorship of actions of trespass, also provides that such actions may be commenced by or against an executor or administrator, or when the deceased was a party to them, may be prosecuted or defended by them.

Section 9 of the same chapter expressly contemplates the survivorship of this class of actions, in the provision it makes for the recovery of actual or single damages only, when an action of trespass or trespass on the case is commenced or prosecuted against an executor or administrator. The obvious construction of this provision is, that while, in this class of actions, punitive, penal or double damages may be recovered of a living defendant, only actual damages are recoverable against the estate of a deceased party in the hands of his representative.

In the language of the court in *Hooper v. Gorham, ante,* "we see nothing inequitable or unjust in such a construction of the statute as will tend to secure to the heirs or creditors of a person deceased, through the agency of his executor or administrator, a suitable compensation for the injuries received by the testator or

intestate when in life, whether such injuries were directly to his property or his person.   Such construction does no injustice to the tort feasor.   It may tend to prevent wrong doing."

*Exceptions sustained.*

APPLETON, C. J., BARROWS, DANFORTH and VIRGIN, JJ., concurred.