JOSHUA WILKINS vs. WILLIAM L. WAINWRIGHT.

Norfolk.   March 9, 1899. — April 6, 1899.

Present: HOLMES, KNOWLTON, LATHROP, BARKER, & HAMMOND, JJ.

*Survival of Action — Damages caused by Dogs — Statute — Judgment
— Executor.*

An action under Pub. Sts. c. 102, § 93, for an injury to the plaintiff's person from
an assault by the defendant's dogs as he was driving, and for an injury to his
horse and sleigh from the same assault, survives under Pub. Sts. c. 165, § 1.
The provisions of Pub. Sts. c. 166, § 2, as to damages recoverable in tort against
an executor or administrator of the person originally liable are not applicable
to a case under Pub. Sts. c. 102, § 93, for damages caused by dogs, where the
rights of the plaintiff were fixed before the death of the original defendant,
where no assessment of damages was to be made, and nothing remained to be
done but to dispose of a motion for a new trial and to enter up a judgment,
there being no further defence.

TORT, for injuries caused by dogs.  At the trial in the Superior Court, the defendant alleged exceptions to the rulings and order of *Bond*, J., and to his refusal to rule as requested, all of which appears in the opinion.

*A. E. Avery*, for the defendant.

*J. H. Flint*, for the plaintiff.

KNOWLTON, J.   At the trial in the Superior Court, the judge, who heard the case without a jury, found that the plaintiff was injured by the defendant's dogs, and assessed his actual damages at three hundred and fifty dollars, and the double damages to which he was entitled under the statute at seven hundred dollars.   Pub. Sts. c. 102, § 93.   The plaintiff made a motion for a new trial, and the defendant filed a bill of exceptions, both of which were afterwards waived.   The defendant's executrix was summoned into court and filed an answer setting up two defences: first, that the action did not survive; and secondly, that, if it did survive, the plaintiff could not recover double damages against the executrix.

The Pub. Sts. c. 165, § 1, is in part as follows: "In addition to the actions which survive by the common law, the following shall also survive: actions of replevin, of tort for assault, bat-

tery, imprisonment, or other damage to the person, for goods taken and carried away or converted by defendant to his own use, or for damage done to real or personal estate," etc. The plaintiff's declaration is in two counts. The first charges an injury to the plaintiff's person from an assault by the defendant's dogs as he was driving, and the second an injury to his horse and sleigh from the same assault. The action is tort to recover "damages to the person," and "damage done to . . . personal estate," and it plainly comes within the language of the statute quoted above. *Cutter* v. *Hamlen*, 147 Mass. 471. The damage to the person referred to means damages resulting from a bodily injury, or damages of a physical character, as distinguished from those which are suffered only in the feelings or reputation. See *Smith* v. *Sherman*, 4 Cush. 408; *Nettleton* v. *Dinehart*, 5 Cush. 543; *Norton* v. *Sewall*, 106 Mass. 143; *Leggate* v. *Moulton*, 115 Mass. 552. The ruling that the action survived was correct.

In the other branch of the case the defendant relies upon the language of Pub. Sts. c. 166, § 2, as follows : " When an action of tort is commenced or prosecuted against the executor or administrator of the person originally liable, the plaintiff shall be entitled to recover only for the value of. the goods taken, or for the damage actually sustained, without any vindictive or exemplary damages, or damages for any alleged outrage of the feelings of the injured party."

It may be doubted whether this last statute is applicable to cases where damages are doubled under the express provisions of a statute like that before us, or like the St. of 1786, c. 81, referred to in *Reed* v. *Northfield*, 13 Pick. 94, 101, which gave the plaintiff double damages for injuries received from defects in highways. The statute relied on by the defendant is found in substantially the same form in the Rev. Sts. c. 93, § 9. The kind of damages described in it are such as formerly were commonly allowed under the same designation, when torts were committed with actual malice, or wantonly, or with peculiar harshness and oppression. In this Commonwealth such damages are not now considered punitive or vindictive, but are allowed in compensation for the injury to the feelings. But we express no opinion upon this question, for we are of opinion that the statute is not

applicable to a case like the present, where the rights of the plaintiff were fixed before the death of the original defendant, where no assessment of damages was to be made, and nothing remained to be done but to dispose of a motion for a new trial and to enter up a judgment in a case in which no further defence could be made. *Kelley* v. *Riley*, 106 Mass. 339. *Tapley* v. *Martin*, 116 Mass. 275. If the right of action does not survive in that particular which entitles the plaintiff to double damages, the plaintiff can have his judgment entered as of a former date to preserve his rights. This subject was fully considered in *Kelley* v. *Riley*, in which it was held that, where a defendant died before the allowance of a bill of exceptions filed by him, the exceptions might be allowed in the trial court and subsequently considered by this court, and that if they were overruled judgment might be entered on the verdict for the plaintiff as of a time prior to the defendant's death.

The summoning of the executrix in this case was unnecessary. It was not a prosecution of an action in which damages were to be assessed. It was only for the formal entry of a judgment to which the plaintiff was previously entitled against the estate of the testator.                    *Exceptions overruled.*