**In the Matter of the ESTATE OF Rolando S. GARZA, Deceased.**

**No. 19360.**

Supreme Court of Utah.

Sept. 11, 1986.

Cecelia M. Espenoza, John L. Black, Jr., Salt Lake City, for appellant.

Robert J. Poulsen, Murray, for respondent.

HOWE, Justice.

This matter arises in the aftermath of a murder-suicide. Rolando Garza shot and killed Diane, his wife of three years, on June 28, 1978. He then took his own life, leaving the couple's two minor children orphaned. Cleo Garcia, Diane's mother and maternal grandmother of the two children, was appointed their guardian.

On June 18, 1981, almost three years after Rolando's death, Roman Garza, Rolando's father, was appointed personal representative of his estate. He collected the assets of the estate, consisting of $12,-392.90 in life insurance proceeds, and published notice to creditors on December 4, 1981.

Cleo Garcia presented a claim against the estate on March 2, 1982, which was two days before the end of the three-month period allowed for the presentment of

claims after publication of notice to creditors, U.C.A., 1953, § 75–3–801, but more than three years after Rolando's death. The claim, filed in her capacity as guardian for the two minor children, sought $300,000 in damages for the wrongful death of the children's mother. Concurrent with the filing of the claim, a petition was filed seeking to remove Roman Garza as personal representative and appoint Garcia in his place. The lower court granted the petition and appointed Garcia as personal representative on April 9, 1982.

After an evidentiary hearing, the trial court awarded a judgment of $200,000 on the wrongful death claim, $150,000 for general damages and $50,000 for punitive damages. The court also held that the claim was not barred by U.C.A., 1953, § 75–3–803(1)(b). Roman Garza appeals on behalf of Jennie L. Garza, putative daughter of Rolando and Ethel Joyce George.

At issue is whether the trial court erred in holding that the claim was timely presented to the estate. Appellant contends that U.C.A., 1953, § 75–3–803(1)(b) bars the claim. Subsection (1) of 803, which is controlling in this action, sets out limitations on the presentment of claims arising before the death of the decedent. It provides:

(1) All claims against a decedent's estate which àrose before the death of the decedent, ... if not barred earlier by other statute of limitations, are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented as follows:

(a) Within three months after the date of the first publication of notice to creditors if notice is given in compliance with

section 75–3–801; provided, claims barred by the nonclaim statute at the decedent's domicile before the first publication for claims in this state are also barred in this state.

(b) Within three years after the decedent's death, if notice to creditors has not been published.

■■■ An action to recover damages for the death of one caused by the wrongful act or neglect of another must be brought within two years. U.C.A., 1953, § 78–12–28(2). The cause of action accrues at the time of death; hence, the two-year period begins to run at that time. *Platz v. International Smelting Co.*, 61 Utah 342, 213 P. 187 (1922). However, since the claimants in this case, the children of the deceased, are minors, the two-year statute of limitation is tolled during their minority by U.C.A., 1953, § 78–12–36(1).[1] *Switzer v. Reynolds*, 606 P.2d 244 (Utah 1980). The two-year period being tolled, the wrongful death action is not barred; therefore, the claim is "not barred earlier by other statute of limitations."

■■■ Section 75–3–803(1)(a) acts to bar all claims not otherwise barred if they are not presented "[w]ithin 3 months after the date of the first publication of notice to creditors if notice is given in compliance with 75–3–801." [2]

Appellant does not contend that the notice to creditors published by Roman Garza as personal representative of the estate failed to comply with section 75–3–801. Nor does he contend that the claim was not properly presented in the manner required by section 75–3–804. The claim was presented "within 3 months after the date

---

1. Section 78–12–36 provides:
   If a person entitled to bring an action, other than for the recovery of real property, is at the time the cause of action accrued, either:
   (1) Under the age of majority; or,
   (2) Mentally incompetent ...; or,
   (3) Imprisoned ...;
   The time of such disability is not a part of the time limited for the commencement of the action.

2. U.C.A., 1953, § 75–3–801 provides:

   Unless notice has already been given under this section, a personal representative upon his appointment shall publish a notice once a week for three successive weeks in a newspaper of general circulation in the county announcing his appointment and address ·and notifying creditors of the estate to present their claims within three months after the date of the first publication of the notice or be forever barred.

of the first publication of notice," as required by 75–3–803(1)(a). Appellant, however, would have us apply 75–3–803(1)(b) to bar the claim, since it was not presented "within 3 years after the decedent's death." Subsection (a) of 803(1) applies "where notice to creditors has been published." Subsection (b) applies only "if notice to creditors has *not* been published." (Emphasis added.)

To read subsection (b) as appellant suggests would allow valid claims to be avoided by simply waiting to the end of the three-year period permitted for the appointment of a personal representative[3] and then publish notice to creditors more than three years after death. The purpose of publication of notice to creditors may not be rendered nugatory by such a device.

Since the claim was presented within three months of the date of first publication of notice to creditors, the trial court was correct in holding that it was timely.

■ Appellant next contends that the $50,000 award of punitive damages for wrongful death was inappropriate. With consistent logic, courts have held that punitive damages claims do not survive the death of the tortfeasor and cannot be sought from the defendant's estate. *Allen v. Anderson*, 93 Nev. 204, 562 P.2d 487 (1977); *Barnes v. Smith*, 305 F.2d 226 (10th Cir.1962); *Hayes v. Gill*, 216 Tenn. 39, 390 S.W.2d 213 (1965); *Dalton v. Johnson*, 204 Va. 102, 129 S.E.2d 647 (1963); *Morriss v. Barton*, 200 Okla. 4, 190 P.2d 451 (1947); *Marcante v. Hein*, 51 Wyo. 389, 67 P.2d 196 (1937). This Court has held that the general policy behind punitive damages is to punish the wrongdoer and thereby deter further dangerous conduct. *See Behrens v. Raleigh Hills Hospital, Inc.*, 675 P.2d 1179 (Utah 1983). The wrongdoer in this case is beyond the reach of the punishment of this Court, for he is dead. "Where the tortfeasor can in no way be punished by the awarding of punitive damages, we see no reason to allow such damages to be assessed." *Allen v. Ander-*

son, *supra,* citing *Braun v. Moreno*, 11 Ariz.App. 509, 466 P.2d 60 (1970); *accord Hayes v. Gill*, 216 Tenn. 39, 390 S.W.2d 213 (1965).

The judgment below is modified to eliminate the award of punitive damages and, as so modified, is affirmed.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.