RICHARD HARRELL, PLAINTIFF v. MELVIN BOWEN, ADMINISTRATOR OF THE ESTATE OF CHELSON EARL PERRY, DEFENDANT

No. COA06-256

(Filed 17 October 2006)

**Damages and Remedies— punitive damages—claim against estate of deceased tortfeasor**

The trial court did not err by dismissing plaintiff's claim for punitive damages, arising out of an automobile accident, from the estate of a deceased tortfeasor based on failure to state a claim upon which relief can be granted under N.C.G.S. § 1A-1, Rule 12(b)(6), because: (1) N.C.G.S. § 1D-1 provides that an individual is subject to punitive damages where he may be punished for the egregiously wrongful act and be deterred from committing such an act in the future; (2) deterring a deceased from committing a similar wrongful act in the future is not possible; and (3) although a minority of states, by means of statutory or common law, hold that an award of punitive damages is not barred where defendant has died, this policy debate is reserved for the North Carolina General Assembly.

Appeal by plaintiff from order entered 7 November 2005 by Judge William C. Griffin, Jr. in Martin County Superior Court. Heard in the Court of Appeals 24 August 2006.

*Keel O'Malley, L.L.P., by Joseph P. Tunstall, III, for plaintiff.*

*Valentine Adams, Lamar, Murray, Lewis & Daughtry, LLP, by Kevin N. Lewis for defendant.*

LEVINSON, Judge.

Plaintiff (Richard Harrell) appeals the trial court's order dismissing his claim for punitive damages for failure to state a claim upon which relief can be granted pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2005). We affirm.

The pleadings disclose that an accident occurred on U.S. Highway 64 near Williamston, North Carolina on 6 June 2002 involving a motor vehicle operated by plaintiff and a motor vehicle operated by defendant, now deceased. Plaintiff alleges that defendant was negligent in operating his vehicle while impaired at the time of the collision and, as a result, seeks compensatory and punitive damages. The Martin County Clerk of Superior Court appointed Melvin Bowen as the Administrator of defendant's estate.

In a 7 November 2005 order, the trial court granted defendant's motion to dismiss plaintiff's claim for punitive damages for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Plaintiff appeals.

On a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, the standard of review is " 'whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory.' " *Block v. County of Person*, 141 N.C. App. 273, 277, 540 S.E.2d 415, 419 (2000) (quoting *Harris v. NCNB*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987)).

Dismissal under Rule 12(b)(6) is proper "(1) when the complaint on its face reveals that no law supports plaintiff's claim; (2) when the complaint reveals on its face the absence of fact sufficient to make a good claim; [or] (3) when some fact disclosed in the complaint necessarily defeats plaintiff's claim." *Oates v. JAG, Inc.*, 314 N.C. 276, 278, 333 S.E.2d 222, 224 (1985).

The central issue before this Court is whether plaintiff can collect punitive damages from the estate of a deceased tortfeasor. In 1982, this Court held that:

The general rule in this and other jurisdictions is that there can be no recovery for punitive damages against the personal representative of the deceased wrongdoer, however aggravated the circumstances may be. The sole purpose of the allowance of punitive damages is to punish the wrongdoer. The death of the wrongdoer precludes his being punished by the assessment of punitive damages.

*Thorpe v. Wilson*, 58 N.C. App. 292, 299, 293 S.E.2d 675, 680 (1982) (internal citation omitted).

N.C. Gen. Stat. § 1D-1 (2005), which became law in 1996, provides that "[p]unitive damages may be awarded, in an appropriate case and subject to the provisions of this Chapter, to punish a defendant for egregiously wrongful acts and to deter the defendant and others from committing similar wrongful acts." In *Rhyne v. K-Mart Corp.*, 358 N.C. 160, 167, 594 S.E.2d 1, 7 (2004), our Supreme Court articulated that "[c]hapter 1D reinforces the common-law purpose behind punitive damages. . . ."

"Statutory interpretation properly begins with an examination of the plain words of the statute." *Correll v. Division of Social Services*, 332 N.C. 141, 144, 418 S.E.2d 232, 235 (1992). In interpreting statutory language, "it is presumed the General Assembly intended the words it used to have the meaning they have in ordinary speech. When the plain meaning of a statute is unambiguous, a court should go no further in interpreting the statute." *Nelson v. Battle Forest Friends Meeting*, 335 N.C. 133, 136, 436 S.E.2d 122, 124 (1993) (internal citations omitted).

The text of G.S. § 1D-1 provides that punitive damages may be awarded "to punish a defendant for egregiously wrongful acts <u>and</u> to deter the defendant <u>and</u> others from committing similar wrongful acts." (emphasis added). It is a common rule of statutory construction that "when the conjunctive 'and' connects words, phrases or clauses of a statutory sentence, they are to be considered jointly." *Lithium Corp v. Bessemer City*, 261 N.C. 532, 535, 135 S.E.2d 574, 577 (1964). Thus, an individual is subject to punitive damages where he or she may be punished for the egregiously wrongful act <u>and</u> be deterred from committing such an act in the future.

In the instant case, defendant died sometime before plaintiff filed the subject complaint. Because defendant is deceased, deterring him from committing a similar wrongful act in the future is, of course, not

possible. Consequently, the statutory mandate of G.S. § 1D-1, providing that the appropriateness of punitive damages is contingent upon punishing and deterring defendant from engaging in similar conduct in the future, cannot be achieved.

We observe that a minority of states, by means of statutory or common law, hold that an award of punitive damages is not barred where the defendant has died. *See, e.g., Perry v. Melton,* 171 W. Va. 397, 400-02, 299 S.E.2d 8, 11-13 (1982); *Tillett v. Lippert,* 275 Mont. 1, 7-9, 909 P.2d 1158, 1161-62 (1996); and *Haralson v. Fisher Surveying, Inc.,* 201 Ariz. 1, 3-6, 31 P.3d 114, 116-19 (2001). These courts have reasoned that, while the deceased cannot be deterred by the award of punitive damages, the same can serve the goal of deterring the citizenry at large. *See id.* This policy debate, however, must be reserved for the North Carolina General Assembly, which has the authority to provide for punitive damages under the facts of this case. We are presently required to apply the current version of G.S. § 1D-1, and therefore conclude that the trial court did not err by concluding that plaintiff cannot recover punitive damages from the estate of the deceased tortfeasor.

Affirmed.

Judges STEELMAN and STEPHENS concur.