[Cite as *Whetstone v. Binner*, 2014-Ohio-3018.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CHRISTINE MARIE WHETSTONE, Individually and as Parent and Natural Guardian and Next Friend of OLIVIA CASTLE, Minor and LEA CASTLE, Minor | JUDGES: Hon. W. Scott Gwin, P. J. Hon. John W. Wise, J. Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellant | |
| -vs- | Case No. 13 CA 47 |
| ERIN K. BINNER, Administrator of the Estate of ROXANNE MCCLELLAN, Deceased | |
| Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
Pleas, Case No. 10 CV 1247

JUDGMENT:     Reversed & Remanded

DATE OF JUDGMENT ENTRY:     July 7, 2014

APPEARANCES:

For Plaintiff-Appellant

GRANT A. WOLFE
300 East Broad Street, Suite 450
Suite 450
Post Office Box 1505
Columbus, Ohio 43216-1505

For Defendant-Appellee

CHARLES M. ELSEA
STEBELTON, ARANDA & SNIDER
N. Broad Street, Suite 200
Post Office Box 130
Lancaster, Ohio 43130

*Gwin, P.J.*

{¶1}   Plaintiff-Appellant Christine Marie Whetstone, Individually and as Parent and Natural Guardian and Next Friend of Olivia Castle, Minor, and Lea Castle, Minor, appeals the decision of the Court of Common Pleas of Fairfield County, Ohio, denying their claims for punitive damages and attorney fees.

{¶2}   Defendant-Appellee is Erin K. Binner, Administrator of the Estate of Roxanne McClellan, Deceased.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶3}   On October 1, 2010, Plaintiff-Appellant Christine Marie Whetstone, individually and as parent and natural guardian and next friend of Olivia Castle, minor, and Lea Castle, minor, filed a seven-count Complaint against Whetstone's aunt, Roxanne McClellan, setting forth claims for assault, battery, false and/or unlawful imprisonment, and intentional infliction of emotional distress, on behalf of herself and her two minor daughters, Olivia Castle and Lea Castle.

{¶4}   On November 10, 2010, with no Answer or other responsive pleading having been filed, Plaintiff-Appellant filed a Motion for Default and Request for Damages Hearing.  On November 18, 2010, Default Judgment was entered.  A damages hearing was set for January 6, 2010.

{¶5}   On December 29, 2010, McClellan filed a Motion for Leave to Plead alleging that the Complaint was received and signed for by McClellan's friend, Henry Fisher, and that McClellan was unaware of the lawsuit until after the answer date.  The Motion further alleged that McClellan was receiving chemotherapy. McClellan simultaneously filed a Motion requesting a continuance of the damages hearing, in

which she further indicated that she had been diagnosed with cancer in October of 2010. The trial court continued the hearing, but ultimately denied McClellan's Motion for Leave to Plead.

{¶6} On May 5, 2011, Plaintiff-Appellant filed a Suggestion of Death indicating that Roxanne McClellan died on April 22, 2011. Plaintiffs filed an Amended Motion for Substitution of Party on November 14, 2011, indicating that Erin Binner, McClellan's daughter, had been appointed administrator of McClellan's estate by the Fairfield County Court of Common Pleas, Juvenile/Probate Division. The same was granted on December 30, 2011.

{¶7} Following a substitution of counsel for the Estate, the matter was reset for a hearing on damages on July 26, 2012. A damages hearing was held on July 26, 2012. On May 7, 2013, the trial court issued an Entry Regarding Damages. The trial court's factual findings regarding compensatory damages are not in dispute, as neither party has appealed the same.

{¶8} Pursuant to Civil Rule 8(D), "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." Thus, the following allegations in the Complaint, not pertaining to damages, are deemed admitted herein:

{¶9} "On or about June 29, 2010, … Defendant also maliciously, wrongfully and unlawfully choked, smothered and attempted to kill Plaintiffs minor child, Olivia Castle, by holding the child down on a bed in a bedroom ... putting her hand over the child's mouth, and smothering the child with a pillow ..."

{¶10} The trial court awarded Christine Whetstone $500.00 in compensatory damages for lost wages, Lea Castle $1,000.00 in noneconomic damages for past and future emotional distress, and Olivia Castle $50,000.00 in noneconomic damages for physical injury and past and future emotional harm and distress.

{¶11} The court declined to impose punitive damages finding that they "cannot be awarded against the estate of a tortfeasor who is deceased." The court likewise declined to award attorneys' fees based upon its finding that punitive damages cannot be awarded against the estate of a tortfeasor who is deceased.

{¶12} Appellant now appeals, assigning the following errors for review.

## ASSIGNMENTS OF ERROR

{¶13} "I. THE TRIAL COURT ERRED BY DENYING APPELLANT'S CLAIM FOR PUNITIVE DAMAGES AGAINST DEFENDANT-APPELLEE AND/OR FAILING TO AWARD APPELLANT PUNITIVE DAMAGES AGAINST DEFENDANT-APPELLEE.

{¶14} "II. THE TRIAL COURT ERRED BY DENYING APPELLANT'S REQUEST AND/OR CLAIM FOR ATTORNEY FEES AGAINST DEFENDANT-APPELLEE AND/OR FAILING TO AWARD APPELLANT ATTORNEY FEES AGAINST DEFENDANT-APPELLEE."

## I.

{¶15} In her First Assignment of Error, Appellant argues that the trial court erred in finding that punitive damages cannot be awarded against the estate of a deceased tortfeasor. We agree.

{¶16} In Ohio, "the purpose of punitive damages is not to compensate a plaintiff, but to punish and deter certain conduct." *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d

638, 651, 635 N.E.2d 331 (1994); *Dick v. Tab Tool & Die Co., Inc.,* 5th Dist. No. 2008-CA-0013, 2008-Ohio-5145. "The policy for awarding punitive damages in Ohio * * * has been recognized * * * as that of punishing the offending party and setting him up as an example to others that they might be deterred from similar conduct." *Preston v. Murty*, 32 Ohio St.3d 334, 512 N.E.2d 1174 (1987). The focus of the award should be the defendant, and the consideration should be what it will take to bring about the twin aims of punishment and deterrence as to that defendant. *Dardinger v. Anthem Blue Cross & Blue Shield,* 98 Ohio St.3d 77, 102, 2002–Ohio–7113781.

**{¶17}** In the instant case, as set forth above, the trial court denied Appellant's claim for punitive damages, finding that "punitive damages cannot be awarded against the estate of a tortfeasor who is deceased." The trial court cited the Common Pleas Court case of *Mongold v. Estate of Gilbert*, 114 Ohio Misc.2d 32, 758 N.E.2d 1245 (Brown Cty. Com. Pl. Ct. 2000) in support of its holding.

**{¶18}** In *Mongold**, supra*, the trial court held:

> In Ohio, punitive damages are awarded to punish the offending party and set him up as an example to others that they might be deterred from similar conduct. See *Preston,* 32 Ohio St.3d at 335, 512 N.E.2d at 1176. Agreeing with the majority, this court finds that the purpose of punishment cannot be separated from the purpose of deterrence. Through death, the tortfeasor is no longer subject to legal punishment. Without the punishment of the tortfeasor, the purpose of using the tortfeasor as an example to others to

deter their behavior is greatly diminished, if not completely frustrated. Effective deterrence cannot be achieved when punishment is impossible. For this reason, the deterrent function of punitive damages is insufficient to support an award when the tortfeasor dies before trial. *Hofer v. Lavender.* 679 S.W.2d at 478 (Spears, J., dissenting).

*Id.* at 114 Ohio Misc.2d 32, 35-36.

{¶19} In support of its position, Appellant cites this Court to a more recent Common Pleas Court decision out of Montgomery County, *Individual Business Services, Inc. v. Carmack,* 2009 WL 8235992 (Montgomery Cty. Com. Pl. Ct. 2009), which rejected the holding in *Mongold*, reasoning:

The Plaintiffs point to binding authority, namely the language of Ohio Rev. Code Section 2305.01 as well as decisions of the Ohio Supreme Court, to support the contention that it is entitled to punitive damages and attorney fees in this case. The Ohio Survivorship Statute specifically provides that "causes of action for ... fraud ... shall survive ... notwithstanding the death of the person entitled or liable thereto." Ohio Rev. Code 2305.21. Although the statutory language does not directly address the right to punitive damages or attorney fees, they are an inherent component of a cause of action for fraud, and the death of Mr. Carmack

has no impact on the plaintiffs' right to pursue such damages from his estate.

In addition, and on a somewhat related point, the Ohio Supreme Court has recognized that where a decedent had a right to punitive damages before his death, that right passes to his estate under Ohio Rev. Code section 2305.21. *Rubeck v. Huffman* (1978), 54 Ohio St.2d 20, 23. Since the statutory language explicitly authorized the survival of such a claim not only in favor of a decedent "entitled" to a claim, but also against a decedent "liable" for such a claim, the aforementioned reasoning dictates the survival of Plaintiffs claim against the Estate of Robert Carmack. Moreover, the Ohio Supreme Court has made it clear in other decisions that the purpose of punitive damages is not just to punish an individual defendant. Punitive damages are also designed to provide "an example to others that they might be deterred from similar conduct." *Preston v. Murty* (1987), 32 Ohio St.3d 334, 335.

{¶20} The *Individual Business Services* case cited by Appellant cites Ohio's survivor statute in support of its finding. This statute provides:

In addition to the causes of action which survive at common law, causes of action for mesne profits, or injuries to the person or property, or for deceit or fraud, also shall survive;

and such actions may be brought notwithstanding the death

of the person entitled or liable thereto.

R.C. 2305.21.

**{¶21}** The Court in *Individual Business Services* acknowledged that such statute is silent as to punitive damages but found that such damages were a component of a cause of action for fraud and allowed the same.

**{¶22}** It appears that the issue of whether the recovery of punitive damages is permitted against a deceased tortfeasor's estate is an issue of first impression at the Appellate level in the state of Ohio, though this issue has been addressed by courts and legislatures in other jurisdictions.

**{¶23}** The majority of other jurisdictions disallow punitive damage recoveries after the tortfeasor has died. (*See* Idaho Code Ann. § 5–327(1) (West, Westlaw through 2011 Chs. 1–335); Vt. Stat. Ann. tit. 14, § 1454 (West, Westlaw through 2011 Sess. No. 28); *Fehrenbacher v. Quackenbush*, 759 F.Supp. 1516, 1521–22 (D.Kan.1991) (applying Kansas law); *Sanchez v. Marquez*, 457 F.Supp. 359, 364 (D.Colo.1978) (applying Colorado law) (currently codified at Colo.Rev.Stat. Ann. § 13–20–101(1) (West, Westlaw through July 1, 2011)); *Doe v. Colligan*, 753 P.2d 144, 146 (Alaska 1988); *Evans v. Gibson,* 220 Cal. 476, 31 P.2d 389, 395 (1934) (subsequently codified at Cal.Civ.Proc.Code § 377.42 (1992)); *Jonathan Woodner Co. v. Breeden,* 665 A.2d 929, 938–40 (D.C.1995); *Lohr v. Byrd,* 522 So.2d 845, 846–47 (Fla.1988); *Morris v. Duncan,* 126 Ga. 467, 54 S.E. 1045, 1046–47 (1906) (subsequently codified at Ga.Code Ann. § 9–2–41 (West, Westlaw through 2011 Reg. Sess.)); *Crabtree ex rel. Kemp v. Estate of Crabtree,* 837 N.E.2d 135, 138–40 (Ind.2005); *Stewart v. Estate of*

*Cooper*, 102 S.W.3d 913, 915–16 (Ky.2003); *Edwards v. Ricks*, 30 La.Ann. 926, 928 (1878); *Prescott v. Knowles,* 62 Me. 277, 279 (1874) (currently codified at Me.Rev.Stat. Ann. tit. 18–A, § 3–818 (West, Westlaw through 2011 1st Reg. Sess.)); *Wilkins v. Wainwright,* 173 Mass. 212, 53 N.E. 397, 397–98 (1899) (currently codified at Mass. Gen. Laws Ann. ch. 230, § 2 (West, Westlaw through 2011 1st Annual Sess. Ch. 67)); *Thompson v. Estate of Petroff,* 319 N.W.2d 400, 408 (Minn.1982); *Hewellette v. George,* 68 Miss. 703, 9 So. 885, 887 (1891) (subsequently codified at Miss.Code Ann. § 91–7–235 (West, Westlaw through 2011 legislative sessions)), *overruled on other grounds by Glaskox ex rel. Denton v. Glaskox,* 614 So.2d 906, 907 (Miss.1992); *Tietjens v. Gen. Motors Corp.,* 418 S.W.2d 75, 88 (Mo.1967); *Allen v. Anderson,* 93 Nev. 204, 562 P.2d 487, 489–90 (1977) (subsequently codified at Nev.Rev.Stat. Ann. § 41.100(2) (West, Westlaw through 2010 Special Sess.)); *Jaramillo v. Providence Wash. Ins. Co.,* 117 N.M. 337, 871 P.2d 1343, 1350–52 (1994); *Gordon v. Nathan,* 43 A.D.2d 917, 352 N.Y.S.2d 464, 465 (1974) (currently codified at N.Y. Est. Powers & Trusts Law § 11–3.2(a)(1) (McKinney, Westlaw through 2011 Sess.)); *Harrell v. Bowen,* 179 N.C.App. 857, 635 S.E.2d 498, 500 (2006); *Mongold v. Estate of Gilbert,* 114 Ohio Misc.2d 32, 758 N.E.2d 1245, 1247–49 (Ohio Ct.C.P.2000); *Morriss v. Barton,* 200 Okla. 4, 190 P.2d 451, 459–60 (1947); *Ashcraft v. Saunders,* 251 Or. 139, 444 P.2d 924, 926–27 (1968) (currently codified at Or.Rev.Stat. Ann. § 30.080 (West, Westlaw through 2011 emergency session)); *Aldrich v. Howard,* 8 R.I. 125, 127 (1864) (currently codified at R.I. Gen. Laws Ann. § 9–1–8 (West, Westlaw through Jan. 2010 Sess. Ch. 321)); *Olson–Roti v. Kilcoin,* 653 N.W.2d 254, 260–62 (S.D.2002); *Hayes v. Gill,* 216 Tenn. 39, 390 S.W.2d 213, 217 (1965); *In re Estate of Garza,* 725 P.2d 1328, 1330

(Utah 1986); *Dalton v. Johnson,* 204 Va. 102, 129 S.E.2d 647, 650–51 (1963) (subsequently codified at Va.Code Ann. § 8.01–25 (West, Westlaw through 2011 Reg. Sess.)); *McWilliams v. Bragg,* 3 Wis. 424, 431 (1854) (currently codified at Wis. Stat. Ann. § 895.02 (West, Westlaw through 2011 Act 31)); *Parker v. Artery,* 889 P.2d 520, 524–25 (Wyo.1995); *State Farm v. Maidment*, 107 N.M. 568 (1998). Further, the Restatement of Torts advises that the death of the tortfeasor terminates liability for punitive damages. Restatement of the Law 2d, Torts, Section 926 (1977).

{¶24} In their decisions, these courts reasoned that the primary purposes of imposing punitive damages are not furthered if the tortfeasor is deceased because the element of deterrence requires a perception by others that the tortfeasor is being punished. *See Parker* at 525 (Wyo.); *State Farm* at 449 (N.M.); *Lohr* at 846 (Fla.) Some of the majority courts also opine that the imposition of punitive damages punishes the innocent estate and beneficiaries rather than the tortfeasor and that therefore the element of deterrence becomes diffused and is speculative at best. *See Quackenbush* at 1521 (D.Kan.); *State* at 449 (N.M.); *Lohr* at 846 (Fla.).

{¶25} A minority of courts in other states have held that a claim for punitive damages survives the death of a tortfeasor and may be pursued against his estate. *See Haralson v. Fisher Surveying, Inc.*, 201 Ariz. 1, 31 P.3d 114 (2001); *G.J.D., et al. v. Johnson*, 552 Pa. 169, 713 A.2d 1127 (1998); *Penberthy v. Price*, 281 Ill.App.3d 16, 666 N.E.2d 352 (1996); *Tiller v. Lippert*, 275 Mont. 1, 909 P.2d 1158 (1996); *Hofer v. Lavender*, 679 S.W.2d 470 (Tex. 1984); *Perry v. Melton*, 171 W.Va. 397, 299 S.E.2d 8 (1982). The minority view emphasizes the general deterrence aspect of punitive damages. For example, in *Penberthy v. Price,* the court noted that punitive damages

serve to punish the tortfeasor and to deter the tortfeasor and others from engaging in like conduct. 281 Ill.App.3d 16, 666 N.E.2d 352 (1996).

{¶26} We are persuaded by the approach adopted by the minority of courts in other states and find that there is no per se prohibition against the imposition of punitive damages against a deceased tortfeasor. In Ohio, the common law rule that certain causes of action abate upon the tortfeasor's death has been abrogated by R.C. 2305.21 which provides that, "in addition to the causes of action which survive at common law, causes of action for mesne profits, or injuries to the person or property, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled or liable thereto." Further, the Ohio Supreme Court has recognized that where a decedent had a right to punitive damages before his death, that right passes to his estate under Ohio Rev. Code section 2305.21. *Rubeck v. Huffman,* 54 Ohio St.2d 20, 23, 374 N.E.2d 411 (1978). The language of R.C. 2305.21 and *Robeck* decision does not expressly allow or disallow punitive damages against an estate. However, under the R.C. 2305.21 and the *Rubeck* ruling by the Ohio Supreme Court, all causes of action, including all elements of recovery, survive as if the deceased party were still alive both on behalf of the estate of decedent and against the estate of the tortfeasor.

{¶27} In addition, the death of the tortfeasor does not completely thwart the purposes underlying the award of punitive damages. As noted by the Ohio Supreme Court, the purpose of punitive damages is to punish and deter certain conduct and the policy of awarding punitive damages is to punish the offending party and setting him or her up as an example to *others* so they might be deterred from similar conduct.

*Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638, 651, 635 N.E.2d 331 (1994); *Preston v. Murty*, 32 Ohio St.3d 334, 512 N.E.2d 1174 (1987). The imposition of punitive damages on a decedent's estate serves to deter others from similar conduct. Further, we are not persuaded by the argument that imposing punitive damages punishes the innocent beneficiaries of the estate. It stands to reason that the tortfeasor's beneficiaries have no right or entitlement to more than the tortfeasor would have had he or she lived and a judgment for punitive damages been imposed. Finally, as noted by the courts adopting the minority view, safeguards exist to protect against the arbitrary imposition of punitive damages such as a jury instruction that the award of punitive damages is being imposed against the estate or a remittiur by the trial judge. *G.J.D., et al. v. Johnson*, 552 Pa. 169, 176, 713 A.2d 1127 (1998).

{¶28} Accordingly we find that the question of whether punitive damages are appropriate in a particular case should be resolved by the trier of fact.

{¶29} Appellant's First Assignment of Error is sustained.

**II.**

{¶30} In her Second Assignment of Error, Appellant argues that the trial court erred in denying her request for attorney fees based on its ruling that punitive damages are not recoverable against decedent. We agree.

{¶31} The Ohio Supreme Court has stated that if a trier of fact determines that punitive damages are proper, "the aggrieved party may also recover reasonable attorney fees." *Columbus Finance, Inc. v. Howard, et al.*, 42 Ohio St.2d 178, 327 N.E.2d 654 (1975). Accordingly, the trial court erred in denying Appellant's request for attorney fees based solely on its ruling that punitive damages are not recoverable

against decedent.    Based on this Court's disposition of Assignment of Error I, Appellant's second assignment of error is sustained.

{¶32} For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County is reversed, and the cause is remanded to the court for further proceedings consistent with this decision.

By: Gwin, P.J.

Delaney, J. concurs.

Wise, dissents.

*Wise, J., dissenting*

{¶33} I respectfully dissent from the majority opinion. The purposes of punitive damages in the state of Ohio are not designed to compensate victims, but to punish and deter conduct. Upon the death of the tortfeasor, the law can no longer punish him or her from similar conduct in the future. Since punishment is no longer possible, deterrence is the only remaining goal. Since deterring the actual tortfeasor is no longer a possibility or a necessity, it is likewise no longer possible to hold him or her out as an example to deter others. Punishing his or her Estate is one step removed and therefore waters down or dilutes any such deterrent effect. Assessing punitive damages against an estate serves to neither punish nor deter the tortfeasor. I believe that separating the punishment from the deterrent aspect frustrates the purpose of punitive damages and that any deterrence would be speculative at best.

{¶34} I would therefore join the majority of other jurisdictions in finding that the purposes of punitive damages are thwarted upon the death of the tortfeasor. (*See* Idaho Code Ann. § 5–327(1) (West, Westlaw through 2011 Chs. 1–335); Vt. Stat. Ann. tit. 14, § 1454 (West, Westlaw through 2011 Sess. No. 28); *Fehrenbacher v. Quackenbush*, 759 F.Supp. 1516, 1521–22 (D.Kan.1991) (applying Kansas law); *Sanchez v. Marquez*, 457 F.Supp. 359, 364 (D.Colo.1978) (applying Colorado law) (currently codified at Colo.Rev.Stat. Ann. § 13–20–101(1) (West, Westlaw through July 1, 2011)); *Doe v. Colligan*, 753 P.2d 144, 146 (Alaska 1988); *Evans v. Gibson,* 220 Cal. 476, 31 P.2d 389, 395 (1934) (subsequently codified at Cal.Civ.Proc.Code § 377.42 (1992)); *Jonathan Woodner Co. v. Breeden,* 665 A.2d 929, 938–40 (D.C.1995); *Lohr v. Byrd,* 522 So.2d 845, 846–47 (Fla.1988); *Morris v. Duncan,* 126 Ga. 467, 54 S.E. 1045,

1046–47 (1906) (subsequently codified at Ga.Code Ann. § 9–2–41 (West, Westlaw through 2011 Reg. Sess.)); *Crabtree ex rel. Kemp v. Estate of Crabtree,* 837 N.E.2d 135, 138–40 (Ind.2005); *Stewart v. Estate of Cooper*, 102 S.W.3d 913, 915–16 (Ky.2003); *Edwards v. Ricks*, 30 La.Ann. 926, 928 (1878); *Prescott v. Knowles,* 62 Me. 277, 279 (1874) (currently codified at Me.Rev.Stat. Ann. tit. 18–A, § 3–818 (West, Westlaw through 2011 1st Reg. Sess.)); *Wilkins v. Wainwright,* 173 Mass. 212, 53 N.E. 397, 397–98 (1899) (currently codified at Mass. Gen. Laws Ann. ch. 230, § 2 (West, Westlaw through 2011 1st Annual Sess. Ch. 67)); *Thompson v. Estate of Petroff,* 319 N.W.2d 400, 408 (Minn.1982); *Hewellette v. George,* 68 Miss. 703, 9 So. 885, 887 (1891) (subsequently codified at Miss.Code Ann. § 91–7–235 (West, Westlaw through 2011 legislative sessions)), *overruled on other grounds by Glaskox ex rel. Denton v. Glaskox,* 614 So.2d 906, 907 (Miss.1992); *Tietjens v. Gen. Motors Corp.,* 418 S.W.2d 75, 88 (Mo.1967); *Allen v. Anderson,* 93 Nev. 204, 562 P.2d 487, 489–90 (1977) (subsequently codified at Nev.Rev.Stat. Ann. § 41.100(2) (West, Westlaw through 2010 Special Sess.)); *Jaramillo v. Providence Wash. Ins. Co.,* 117 N.M. 337, 871 P.2d 1343, 1350–52 (1994); *Gordon v. Nathan,* 43 A.D.2d 917, 352 N.Y.S.2d 464, 465 (1974) (currently codified at N.Y. Est. Powers & Trusts Law § 11–3.2(a)(1) (McKinney, Westlaw through 2011 Sess.)); *Harrell v. Bowen,* 179 N.C.App. 857, 635 S.E.2d 498, 500 (2006); *Mongold v. Estate of Gilbert,* 114 Ohio Misc.2d 32, 758 N.E.2d 1245, 1247–49 (Ohio Ct.C.P.2000); *Morriss v. Barton,* 200 Okla. 4, 190 P.2d 451, 459–60 (1947); *Ashcraft v. Saunders,* 251 Or. 139, 444 P.2d 924, 926–27 (1968) (currently codified at Or.Rev.Stat. Ann. § 30.080 (West, Westlaw through 2011 emergency session)); *Aldrich v. Howard,* 8 R.I. 125, 127 (1864) (currently codified at R.I. Gen. Laws Ann. § 9–1–8 (West, Westlaw

through Jan. 2010 Sess. Ch. 321)); *Olson–Roti v. Kilcoin,* 653 N.W.2d 254, 260–62 (S.D.2002); *Hayes v. Gill,* 216 Tenn. 39, 390 S.W.2d 213, 217 (1965); *In re Estate of Garza,* 725 P.2d 1328, 1330 (Utah 1986); *Dalton v. Johnson,* 204 Va. 102, 129 S.E.2d 647, 650–51 (1963) (subsequently codified at Va.Code Ann. § 8.01–25 (West, Westlaw through 2011 Reg. Sess.)); *McWilliams v. Bragg,* 3 Wis. 424, 431 (1854) (currently codified at Wis. Stat. Ann. § 895.02 (West, Westlaw through 2011 Act 31)); *Parker v. Artery,* 889 P.2d 520, 524–25 (Wyo.1995); *State Farm v. Maidment*, 107 N.M. 568 (1998); *see also* Restatement (Second) of Torts §§ 908 cmt. a*,* 926(b) (1979).

{¶35} In these decisions, the courts reasoned that the primary purposes of imposing punitive damages are not furthered if the tortfeasor is deceased because the element of deterrence requires a perception by others that the tortfeasor is being punished. (*See Parker* at 525 (Wyo); *State Farm* at 449 (N.M.); *Lohr* at 846 (Fla). "Since the purpose of punitive damages is to punish the wrongdoer for his acts ... and to deter him from the commission of like wrongs in the future, the reason for such damages ceases to exist with his death." *Whelan v. Rallo,* 52 Cal.App.4th 989, 60 Cal.Rptr.2d 876, 877 (1997).

{¶36} While mindful that certain situations could arise where public policy could support an award of punitive damages based on deterrence to the public as a whole, I find that those issues of public policy belong in the realm of the legislature, not the courts.

_____

HON. JOHN W. WISE