Lanzinger, J.,
dissenting.
*402 {¶ 39} Even assuming that general deterrence is on equal footing with the goals of punishing and deterring the tortfeasor by awarding punitive damages, none of these purposes is served by meting out punishment to the dead. Because I believe that punitive damages cannot be imposed against the estate of a deceased tortfeasor, I respectfully dissent.
{¶ 40} Until the Fifth District Court of Appeals’ decision in this case, Ohio courts have taken the position that punitive damages were not available against a deceased tortfeasor. Mongold v. Estate of Gilbert, 114 Ohio Misc.2d 32, 36, 758 N.E.2d 1245 (C.P.2000); Friedman v. Labos, 23 Ohio Law Abs. 217, 1936 WL 2151, *6 (7th Dist.1936). Other jurisdictions believed this to be so. Firestone v. Galbreath, 895 F.Supp. 917, 933 (S.D.Ohio 1995); Boyd v. Smith, S.D.Ohio No. 2:12-CV-814, 2014 WL 1050080, *11 (Mar. 14, 2014), fn. 3; Kovac v. Barron, 2014 IL App (2d) 121100, 379 Ill.Dec. 491, 6 N.E.3d 819, ¶ 87; Crabtree ex rel. Kemp v. Estate of Crabtree, 837 N.E.2d 135, 138 (Ind.2005), fn. 3; In re Vajgrt, 801 N.W.2d 570, 576 (Iowa 2011), fn. 3.
{¶ 41} I respectfully dissent from the decision to affirm the departure from Ohio’s previous position. I would hold instead that punitive damages abate at the death of the tortfeasor, which is the majority view in the United States. Fehrenbacher v. Quackenbush, 759 F.Supp. 1516, 1521-1522 (D.Kan.1991); Sanchez v. Marquez, 457 F.Supp. 359, 364 (D.Colo.1978); Doe v. Colligan, 753 P.2d 144, 146 (Alaska 1988); Evans v. Gibson, 220 Cal. 476, 489-490, 31 P.2d 389 (1934); Jonathan Woodner Co. v. Breeden, 665 A.2d 929, 938-940 (D.C.1995); Lohr v. Byrd, 522 So.2d 845, 846-847 (Fla.1988); Morris v. Duncan, 126 Ga. 467, 470, 54 S.E. 1045 (1906); Crabtree, 837 N.E.2d at 138-140; Stewart v. Estate of Cooper, 102 S.W.3d 913, 915-916 (Ky.2003); Edwards v. Ricks, 30 La.Ann. 926, 928 (1878); Prescott v. Knowles, 62 Me. 277, 279 (1874); Thompson v. Estate of Petroff, 319 N.W.2d 400, 408 (Minn.1982); Hewellette v. George, 68 Miss. 703, 710, 9 So. 885 (1891), overruled on other grounds, Glaskox ex rel. Denton v. Glaskox, 614 So.2d 906, 907 (Miss.1992); Allen v. Anderson, 93 Nev. 204, 207-209, 562 P.2d 487 (1977); Jaramillo v. Providence Washington Ins. Co., 117 N.M. 337, 344-346, 871 P.2d 1343 (1994); Gordon v. Nathan, 43 A.D.2d 917, 352 N.Y.S.2d 464, 465 (1974); Harrell v. Bowen, 179 N.C.App. 857, 859-860, 635 S.E.2d 498 (2006); Morriss v. Barton, 200 Okla. 4, 12, 190 P.2d 451 (1947); Ashcraft v. Saunders, 251 Or. 139, 142-144, 444 P.2d 924 (1968); Aldrich v. Howard, 8 R.I. 125, 127 (1864); Olson-Roti v. Kilcoin, 653 N.W.2d 254, 260-262 (S.D.2002); Hayes v. Gill, 216 Tenn. 39, 48-49, 390 S.W.2d 213 (1965); In re Estate of Garza, 725 P.2d 1328, 1330 (Utah 1986); Dalton v. Johnson, 204 Va. 102, 107, 129 S.E.2d 647 (1963); McWilliams v. Bragg, 3 Wis. 424, 431 (1854); Parker v. Artery, 889 P.2d 520, 525 (Wyo.1995); State Farm Mut. Auto. Ins. Co. v. Maidment, 107 N.M. 568, 761 P.2d 446 (1988).
*403 Rinehart, Rishel & Cuekler, Ltd., and Grant A. Wolfe, for appellee.
Stebelton, Aranda & Snider, L.P.A., and Charles M. Elsea, for appellant.
Landskroner Grieco Merriman, L.L.C., and Drew Legando, urging affirmance for amicus curiae Landskroner Foundation for Children.
The DiCello Law Firm and Robert F. DiCello; and Rourke & Blumenthal and Jonathan R. Stoudt, urging affirmance for amicus curiae Ohio Association for Justice.
{¶ 42} Punitive damages are not part of, and are solely incident to, the underlying cause of action. Moskovitz v. Mt. Sinai Med. Ctr., 69 Ohio St.3d 638, 650, 635 N.E.2d 331 (1994). They may be considered only after compensable harm from the cause of action is established. Id. I do not believe that punitive damages are an inherent part of a tort action; they are an award separate from compensation for injury and are separately tried .with separate burdens of proof. R.C. 2315.21(D)(4) (clear and convincing evidence). The primary goal is to punish the defendant and deter the defendant from further misconduct.
{¶ 43} General deterrence is accomplished by imposing punishment on the tortfeasor. “The rationale for allowing punitive damages has been recognized in Ohio as that of punishing the offending party and setting him up as an example to others that they might be deterred from similar conduct.” (Emphasis added.) Detling v. Chockley, 70 Ohio St.2d 134, 136, 436 N.E.2d 208 (1982), overruled on other grounds, Cabe v. Lunich, 70 Ohio St.3d 598, 640 N.E.2d 159 (1994). When punishment cannot be imposed on the deceased tortfeasor, no example is made.
{¶ 44} The only persons left to be used as an “example” are the tortfeasor’s innocent descendants, and equity generally demands that the innocent not be punished for the wrongdoings of another. See Newport v. Fact Concerts, Inc., 453 U.S. 247, 267, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981) (retribution should be visited upon the shoulders of the wrongdoer himself, not on blameless third parties, for the wrongdoer’s unlawful conduct); W. Union Tel. Co. v. Smith, 64 Ohio St. 106, 117, 59 N.E. 890 (1901) (in cases in which “the punishment may not fall upon the actual wrongdoer * * * great care should be taken that such damages are not imposed unless all the conditions for their recovery are present”).
{¶ 45} For the foregoing reasons, I would follow the view of the majority of states, and I would reverse the decision of the court of appeals.
Kennedy, J., concurs in the foregoing opinion.